UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :
                                 :
            - v. -               :        10 Cr. 1205 (PAC)
                                 :
LOUIS TOMASETTA and              :
EUGENE HOVANEC,                  :
                                 :
            Defendants.          :
                                 :
- - - - - - - - - - - - - - - - X


## GOVERNMENT'S REQUESTS TO CHARGE


                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                         of America


JOHN J. O'DONNELL
KATHERINE R. GOLDSTEIN
Assistant United States Attorneys
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                         :

UNITED STATES OF AMERICA    :
                         :

         - v. -       :      10 Cr. 1205 (PAC)
                         :

LOUIS TOMASETTA and       :
EUGENE HOVANEC,          :
                         :

        Defendants.    :
                         :

- - - - - - - - - - - - - - - - X

## GOVERNMENT'S REQUESTS TO CHARGE

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

### TABLE OF CONTENTS

Request No.

1   General Requests ........................................... 1

2   The Indictment ............................................. 2

3   Count One: Conspiracy - General Instructions .............. 5

4   Count One: Conspiracy - Elements of Conspiracy ........... 7

5   Count One: Conspiracy
            First Element — Existence of the Conspiracy ..... 9

6   Count One: Conspiracy
            Objects of the Conspiracy ...................... 12

7   Count One: Conspiracy
            Second Element — Membership in the Conspiracy .. 15

8   Count One: Conspiracy
            Third Element — Overt Acts ..................... 17

9   Count One: Conspiracy - Time of the Conspiracy.......... 22

10  Counts Two Through Seven - The Substantive Counts........23

11  Count Two: Securities Fraud — The Statute and Rule 10B-5..25

12  Count Two: Securities Fraud — Elements of the Offense.....27

13  Count Two: Securities Fraud
            First Element — Fraudulent Act ................ 29

14  Count Two: Securities Fraud
            Second Element — Knowledge, Intent
            and Willfulness ............................... 34

15  Count Two: Third Element
            Instrumentality of Interstate Commerce ........ 38

16  Count Three: False Entries in Books and Records..........40

17  Count Three: False Entries in Books and Records
            Elements of the Offense ...................... 41

18   Counts Four and Five: False Statements in SEC Filings.....44

19   Counts Four and Five: False Statements in SEC Filings
           Elements of the Offense........................41

20   Counts Four and Five: False Statements in SEC Filings
           First Element - Required Filings...............47

21   Counts Four and Five: False Statements in SEC Filings
           Second Element - Falsity.......................48

22   Count Six: False Certification of Financial Reports.......50

23   Count Seven: False Statements to Auditors................52

24   Count Seven: False Statements to Auditors
           Elements of the Offense........................54

25   Count Seven: False Statements to Auditors
           First Element - Officer Or Director............55

26   Count Seven: False Statements to Auditors
           Second Element - False and
           Misleading Statements..........................56

27   Count Seven: False Statements to Auditors
           Third Element - Knowingly and Willfully .......57

28   Aiding and Abetting: Willfully Causing a Crime...........58

29   Conscious Avoidance......................................60

30   Multiple Counts/Multiple Defendants......................62

31   Motive Evidence..........................................63

32   Accomplice Testimony.....................................64

33   Accomplice Testimony - Guilty Plea.......................68

34   Non-Prosecution Agreements...............................69

35   Character Testimony......................................71

36   Defendant's Testimony....................................72

37   Defendant's Right Not to Testify..........................73

38   Admission of a Defendant..................................74

39   Preparation of Witnesses..................................75

40   Uncalled Witnesses - Equally Available to Both Sides......76

41   Charts and Summaries - Admitted as Evidence...............77

42   Stipulations of Evidence..................................78

43   Stipulations of Fact......................................79

44   Variance in Dates.........................................80

45   Venue.....................................................81

46   Particular Investigative Techniques Not Required..........82

47   Persons Not on Trial......................................83

48   Conclusion................................................84

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

      a.    Function Of Court And Jury.
      b.    Jury's Recollection Governs.
      c.    Note-taking by Jurors.
      d.    Indictment Not Evidence.
      e.    Statements Of Court And Counsel Not Evidence.
      f.    Burden Of Proof And Presumption Of Innocence.
      g.    Reasonable Doubt.
      h.    Government Treated Like Any Other Party.
      i.    Definitions, Explanations And Example Of Direct And Circumstantial Evidence.
      j.    Credibility Of Witnesses.
      k.    Right To See Exhibits And Have Testimony Read During Deliberations.
      l.    Duty to Base Verdict on Evidence.
      m.    Guilt is Personal
      n.    Sympathy:  Oath Of Jurors.
      o.    Punishment Is Not To Be Considered By The Jury.
      p.    Verdict Of Guilt Or Innocence Must Be Unanimous.

REQUEST NO. 2

The Indictment

The defendants LOUIS TOMASETTA and EUGENE HOVANEC are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is simply a charge or accusation.  It is not evidence.

The Indictment in this case contains a total of seven counts.  Each count charges one or both of the defendants with a separate crime.  Although there are facts in common to both defendants and the different counts, each defendant and each count must be considered separately.  You must return a separate verdict as to each defendant on each count he is charged with.

Count One of the Indictment charges the defendants with participating in a criminal conspiracy.  It alleges that this conspiracy had four different objectives or objects: first, to commit securities fraud; second, to make and cause to be made false and misleading statements in a filing with the United States Securities and Exchange Commission, or the "SEC"; third, to make and cause to be made false and misleading statements to auditors; and fourth, to falsify the books and records of a public company.

As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One here, is a

2

criminal agreement to violate the law.  The other charges in the
Indictment, which are set forth in Counts Two through Seven,
allege what are called "substantive" violations.  Unlike the
conspiracy charge, which is a charge of agreeing to commit
certain offenses, the substantive counts allege the actual
commission of offenses.

The six substantive charges in the Indictment are as
follows.  Count Two of the Indictment charges the defendants
with committing securities fraud.  Count Three charges the
defendants with falsifying the books and records of a public
company.  Counts Four and Five each charge the defendants with
making and causing to be made false and misleading statements in
a filing with the SEC.  Count Six charges only defendant LOUIS
TOMASETTA with falsely certifying a public company's financial
reports.  Finally, Count Seven charges only defendant LOUIS
TOMASETTA with making and causing to be made false and
misleading statements to auditors.  Each of these counts also
charges the defendant or defendants with aiding and abetting the
commission of the charged crime.

As you may have noticed, all of the objectives of the
conspiracy are also charged as substantive offenses.

3

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the conspiracy charged in Count One.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS).

REQUEST NO. 3

Count One:  Conspiracy - General Instructions

The first count of the Indictment charges that the defendants LOUIS TOMASETTA and EUGENE HOVANEC violated Section 371 of Title 18 of the United States Code.  That section provides in relevant part:

> "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each. . ." is guilty of a crime.

As I've already mentioned, the defendants are charged in this count with participating in a conspiracy to violate several federal statutes.  Specifically, Count One charges that:

> [The Court is respectfully requested to summarize Count One of the Indictment, excluding the overt acts.]

In summary, the Indictment charges that the defendants and others had an understanding among themselves to deceive Vitesse's investors, auditors and others concerning Vitesse's true financial condition and the results of its business operations.

The Indictment also lists the overt acts that are alleged to have been committed in furtherance of the conspiracy.

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal statutes, which the law refers to as "substantive crimes."

Indeed, you may find the defendant you are considering guilty of the crime of conspiracy to violate federal law even though none of the substantive crimes which were the object of the conspiracy was actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

> Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); and the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS).

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

REQUEST NO. 4

Count One:  Conspiracy
Elements of Conspiracy

Now, in order to sustain its burden of proof with respect to the allegation of conspiracy, the Government must separately establish beyond a reasonable doubt each of the following three essential elements:

First, that the conspiracy charged existed -- that is, the existence of an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

Second, that the defendant you are considering knowingly became a member of the conspiracy; and

Third, that any one of the conspirators -- not necessarily one of the defendants you are considering, but any one of the parties involved in the conspiracy -- knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy.  The Southern District of New York includes Manhattan.

Now let us separately consider these elements.

Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); and the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS).

7

See United States v. Maldonado-Rivera, 922 F.2d 934,
961-62 (2d Cir. 1990) (quoting district court charge
setting forth three elements of conspiracy), cert.
denied, 111 S. Ct. 2858 (1991).

REQUEST NO. 5

Count One: Conspiracy
First Element -- Existence of the Conspiracy

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding of two or more persons to accomplish by joint action a criminal or unlawful purpose.  The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

In order to prove this element, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth details of the plans or the part to be played by each conspirator.  Indeed, it is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

9

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner, through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan.

The adage "actions speak louder than words" is applicable here.  Usually the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken together and considered as a whole, however, such acts may show a conspiracy or agreement as conclusively as would direct proof.

So, in considering the first element of the crime of conspiracy as charged in Count One -- whether the conspiracy actually existed -- you should consider all the evidence which has been admitted with respect to the acts, conduct and declarations of each alleged co-conspirator, and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that

10

they agreed to work together, by the means alleged, to

accomplish at least one object of the conspiracy.

> Adapted from the charges of the Honorable Barbara S.
> Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ);
> and the Honorable Leonard B. Sand in United States v.
> Rigas, 02 Cr. 1236 (LBS).
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir.
> 1992) ("In order to prove conspiracy, the Government
> need not present evidence of an explicit agreement;
> proof of a tacit understanding will suffice.  The
> conspirators need not have agreed on the details of
> the conspiracy, so long as they have agreed on the
> essential nature of the plan, and their goals need not
> be congruent, so long as they are not at cross-
> purposes.") (citations omitted); United States v.
> Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove
> the existence of an agreement, the Government need not
> present evidence of a formal arrangement between the
> co-conspirators.  Rather, it is sufficient if the
> Government can demonstrate that the defendants acted
> together with others to realize a common goal.")
> (citations omitted); see also United States v. Rubin,
> 844 F.2d 979, 983-84 (2d Cir. 1988) (generally
> discussing proof of agreement).

REQUEST NO. 6

Count One:  Conspiracy
Objects of the Conspiracy

As I mentioned a few moments ago, the Indictment here charges four unlawful purposes -- also referred to as "objects" -- of the conspiracy.  I will now review each of those objects.

Securities Fraud

The first crime alleged to be an object of the conspiracy charged in Count One is securities fraud.  The Indictment charges, in summary, that it was an object of the conspiracy that the defendants, LOUIS TOMASETTA and EUGENE HOVANEC, would and did make false and fraudulent misrepresentations and omissions to investors and the public in connection with purchases and sales of the common stock of Vitesse Semiconductor Corp.

The relevant law here is Title 15, United States Code, Section 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, which prohibits securities fraud.  Later, when I explain Count Two, which pertains to the substantive crime of securities fraud, I will give you more detailed instructions regarding the objective of securities fraud as charged in Count One.

12

### False filings with the SEC

The second crime alleged to be an object of the conspiracy charged in Count One is making, or causing to be made, false statements in applications, reports, and documents required to be filed under the Securities Exchange Act of 1934. The relevant law here is Title 15, United States Code, Sections 78m(a), 78o(d) and 78ff.  Because this object is also charged as a separate substantive offense I will be giving you further instructions about it later on, when I discuss with you the substantive charges set forth in Counts Four and Five of the Indictment.

### False Statements to Auditors

The third crime alleged to be an object of the conspiracy charged in Count One is making and causing to be made false statements to auditors.  The relevant law here is Title 15, United States Code, Section 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2.  Because this object is also charged as a separate substantive offense, here, Count Seven, I will be giving you further instructions about it later on.

### False Entries in Books and Records

The fourth crime alleged to be an object of the conspiracy charged in Count One is falsifying, or causing the

13

falsification of, the books and records of a public company, here, Vitesse.  Because this object is also charged as a separate substantive offense, I will be giving you further instructions about it later on, when I discuss with you the substantive charge set forth in Count Three of the Indictment.

You should keep in mind that you need not find that the conspirators agreed to accomplish each one of these objects. An agreement to accomplish any one of these objects is sufficient.

Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, I instruct you that you the jury must unanimously agree on which object, if any, was the specific object or objects of the alleged conspiracy.  If the Government fails to prove beyond a reasonable doubt that at least one of the objects alleged in Count One was in fact an objective of the conspiracy, then you must find the defendant you are considering not guilty as to the conspiracy charge.

Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ);, and the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS).

14

REQUEST NO. 7

Count One: Conspiracy
Second Element -- Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second element, and that is whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose or purposes, and in furtherance of its unlawful objective or objectives.

The Government must prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

"Unlawfully," "Willfully" and "Knowingly" Defined

As to this element, an act is done "knowingly" and "willfully" if it is done purposefully and deliberately, with an intent to do something the law forbids, that is, the defendant in question's actions must have been the product of his conscious objective rather than the product of mistake, accident, mere negligence, or some other innocent purpose.

15

"Unlawfully" simply means contrary to law. The defendant in question need not have known that he was breaking any particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his acts.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must find that he knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant you are considering joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

Now, a defendant's knowledge is a matter of inference from the facts proved.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you evidence of certain acts and conversations alleged to have taken place with a defendant or in his presence.  The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of the defendants of the unlawful purposes of the charged conspiracy.  It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent existed on the part of the defendant you are considering.

16

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.

Nor is it necessary that the defendant in question received any monetary benefit from participating in the conspiracy.  While proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant in question had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.  A defendant need not have joined the conspiracy at the outset.  A defendant may have joined it for any purpose at any time during its progress, and that defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant

17

was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of a conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. Conversely, the fact that the acts of a defendant, without knowledge of the conspiracy and its unlawful objectives, merely happen to further the purposes or objectives of the conspiracy does not make him a member of the conspiracy. What is necessary is that the defendant has participated in the conspiracy with knowledge of its unlawful purpose or purposes, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

In sum, the defendant you are considering, with an understanding of the unlawful character of the conspiracy charged in the Indictment, must have intentionally engaged,

18

advised or participated in it for the purpose of furthering its illegal objectives.  He thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew or disassociated himself from it.

> Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS).

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).  See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); and United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

REQUEST NO. 8

Count One: Conspiracy
Third Element -- Overt Acts

The third element is the requirement of an overt act. To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators -- not necessarily by one of the defendants -- in the Southern District of New York.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

The Indictment sets forth numerous overt acts the Government alleges were made by the conspirators in furtherance of the conspiracy.  I will not read all of the overt acts listed in the Indictment because in order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment.  Indeed, you may find that overt acts were committed which were not alleged at all in the Indictment.  In short, it

20

is sufficient for the Government to show that a defendant, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.  You must be unanimous on what the overt act is.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ) and the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS).

See United States v. Provenzano, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), cert. denied, 446 U.S. 953 (1980).

REQUEST NO. 9
Count One: Conspiracy
Time of Conspiracy

The Indictment charges that the conspiracy set forth in Count One existed from at least in or about 2001 through in or about 2006. It is not essential that the Government prove that the conspiracy started and ended in any specific month. Indeed, it is sufficient if you find that in fact the charged conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the charged conspiracy within that period, and that at least one overt act was committed by any conspirator in furtherance of the charged conspiracy after December 7, 2005. If you find that overt acts occurred, but that they all occurred before December 7, 2005, then you must find the Defendants not guilty of Count One.

Adapted from the charge of the Honorable Paul A. Crotty in United States v. Mandell, 09 Cr. 662 (PAC).

22

REQUEST NO. 10

Counts Two Through Seven: The Substantive Counts

I will now instruct you regarding the substantive counts of the Indictment, but before I do so I would like to further clarify the difference between the conspiracy count, as charged in Count One, and the substantive counts, as charged in Counts Two through Seven of the Indictment.

A conspiracy, as I said, is a separate crime of agreeing to commit an unlawful objective.  Here, the Government contends that the substantive violations alleged to be objects of the conspiracy actually occurred.  Thus, the defendants are charged in the Indictment with committing the substantive offenses that are the objects of the conspiracy, as well as with conspiracy itself.

Let me briefly review the substantive charges once again.  Counts Two charges the substantive offense of securities fraud.  Count Three charges the substantive offense of making false entries in Vitesse's books and records.  Counts Four and Five charge the substantive offense of making false filings with the SEC.  Count Six charges only LOUIS TOMASETTA with the substantive offense of falsely certifying Vitesse's financial statements in December 2005.  Count Seven charges only LOUIS

23

TOMASETTA with the substantive offense of making false statements to auditors.

REQUEST NO. 11

Count Two: Securities Fraud
The Statute and Rule 10B-5

Count Two of the Indictment charges that the
defendants committed fraud in connection with the purchase and
sale of securities issued by Vitesse from at least in or about
2001 through in or about 2006.

Count Two alleges the following:

> [The Court is respectfully
> requested to read Count Two
> of the Indictment.]

The relevant law here is Section 10(b) of the
Securities Exchange Act of 1934, which is codified as Title 15,
United States Code, Section 78j (b).  Section 10(b) provides, in
pertinent part, as follows:

> It shall be unlawful for any person,
> directly or indirectly, by the use of any
> means or instrumentality of interstate
> commerce or of the mails, or of any facility
> of any national securities exchange . . .
>
> (b) To use or employ, in connection with the
> purchase or sale of any security registered
> on a national securities exchange or any
> security not so registered, ... , any
> manipulative or deceptive device or
> contrivance in contravention of such rules
> and regulations as the [SEC] may prescribe
> as necessary or appropriate in the public
> interest or for the protection of investors.

25

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here.   Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices.**  It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a) to employ any device, scheme, or artifice to defraud,
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
>
> (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.
>
> Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5.
>
> Adapted from the charge of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); Sand, et al., Modern Federal Jury Instructions, Instr. 57-18.

REQUEST NO. 12

Count Two: Securities Fraud
Elements of the Offense

To prove a violation of Section 10(b), the Government must prove each of the following elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of the common stock of Vitesse, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that the defendant you are considering acted knowingly, willfully and with the intent to defraud; and

Third, that the defendant you are considering used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

27

I will now explain these elements.

Adapted from Sand, et al., Modern Federal Jury
Instructions, Instr. 57-21; see United States v.
Gleason, 616 F.2d 2 =(2d Cir. 1979), cert. denied, 444
U.S. 1082 (1980).

REQUEST NO. 13

Count Two: Securities Fraud
First Element -- Fraudulent Act

The first element that the Government must prove beyond a reasonable doubt is that in connection with the purchase or sale of the common stock of Vitesse, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the Government to establish all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will be sufficient for a conviction if you so find. However, you must be unanimous as to which type of unlawful conduct was agreed upon between two or more conspirators.

29

### "Device, Scheme, Or Artifice To Defraud"

A device, scheme or artifice to defraud is merely a plan for the accomplishment of any objective. Fraud is a general term which embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

### False Statements And Omissions

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

**"In Connection With"**

You need not find that the defendant you are considering actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendant you are considering was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of stock. By the same token, the Government need not prove that a defendant personally made the misrepresentation or that he omitted the material fact. It is

31

sufficient if the Government establishes that the defendant
caused the statement to be made or the fact to be omitted.  With
regard to the alleged misrepresentations and omissions, you must
determine whether the statements were true or false when made,
and, in the case of alleged omissions, whether the omissions
were misleading.

### "Material Fact"

If you find that the Government has established beyond
a reasonable doubt that a statement was false or a statement was
omitted rendering the statements that were made misleading, you
must next determine whether the statement or omission was
material under the circumstances.

The word "material" is used to describe the kind of
false statements or omissions that are wrongful under the fraud
statutes.  A material fact is one that would have been important
to a reasonable investor in making an investment decision.  We
use the word "material" to distinguish between the kinds of
statements we care about and those that are of no real
importance.

This is not to say that it is a defense to the crime
if the material misrepresentation or omission would not have
deceived a person of ordinary intelligence.  Once you find that
the conspiracy involved the making of material

32

misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant you are considering profited or would have received any benefit as a result of the alleged scheme.  Success is not an element of a violation of Section 78j(b) or Rule 10b-5. However, if you find that the defendant you are considering expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

> Adapted from the charge of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); and from Sand, et al., Modern Federal Jury Instructions, Instrs. 57-18, 57-22, 57-26.

REQUEST NO. 14

Count Two: Securities Fraud
Second Element -- Knowledge, Intent and Willfulness

The second element that the Government must establish beyond a reasonable doubt is that the defendant you are considering participated in the scheme to defraud knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

34

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you don't limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent

35

intent and consequent lack of good faith beyond a reasonable doubt.

Under the antifraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does <u>not</u> require a finding by you that he acted in good faith.  No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to sustain the charges against the defendant you are considering, the Government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive

36

and nonetheless, he associated himself with the alleged fraudulent scheme.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme and lacked the intent to deceive, you must acquit the defendant.

On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant you are considering was a knowing participant and acted with intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

> Adapted from the charge of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); and Sand, et al., Modern Federal Jury Instructions, Instr. 57-25.

REQUEST NO. 15

Count Two: Third Element
Instrumentality of Interstate Commerce

The third and final element that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.

It is not necessary that the defendant in question be or would have been directly or personally involved in any mailing or use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use

38

of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

> Adapted from the charge of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); and Sand, et al., Modern Federal Jury Instructions, Instrs. 57-18, 57-26.

<u>REQUEST NO. 16</u>

<u>Count Three:  False Entries in Books and Records</u>

Count Three charges the defendants with falsifying, or causing the falsification of, the books and records of a public company, here, Vitesse.

> [The Court is respectfully requested to
> read Count Three of the Indictment.]

Federal law mandates that public companies are required to file documents and reports as prescribed by the SEC. These include annual reports on Form 10-K and quarterly reports on Form 10-Q.  Public companies that are required to file reports containing financial statements with the SEC must also "make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer." (Section 13(b)(2)(A) of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78m(b)(2)(A)).

Federal law also provides that "No person shall directly or indirectly, falsify or cause to by falsified, any book, record or account" that is required to be made or kept. (Section 13(b)(5) of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78m(b)(5); Rule 13b2-1, Title 17, Code of Federal Regulations, Section 240.13b2-1).

REQUEST NO. 17

Count Three:  False Entries in Books and Records
Elements Of The Offense

The elements of Count Three are as follows.  First,
the Government must show that Vitesse was required to file
reports under federal law.  To prove this Count the Government
must show, first, that Vitesse was required to file reports
under federal law.  Let me instruct you that public companies
are required to file financial statements with the SEC.
Therefore, if you find the Government has proved that Vitesse
was a public company, this would mean that it was required to
file financial statements.  It would also mean that Vitesse was
required to make and keep books, records and accounts, which, in
reasonable detail, accurately and fairly reflected their
financial transactions.

The term "records" means "accounts, correspondence,
memorandums, tapes, discs, papers, books, and other documents or
transcribed information of any type, whether expressed in
ordinary or machine language."  (Section 3(37) of the Securities
Exchange Act of 1934, Title 15, United States Code, Section
78(c)(37)).  Such records include, for example, income
statements, balance sheets, general ledgers, journals, and
account records.

41

Second, the Government must show that two or more persons agreed that a member of the conspiracy would falsify, or cause another person to falsify, the books, records, or accounts of Vitesse or cause those books, records, or accounts to be falsified.

To satisfy this element, the law does not require that a defendant personally make the false entries in the books, records or other accounts.  It is enough if he causes or directs others to make such false entries.  You are also advised that it is permissible for a corporation to make journal entry adjustments in its books and records for earlier financial periods or after the close of a financial quarter as long as those adjustments are not made pursuant to a scheme deliberately designed to distort the financial conditions or operations of the company.

Third, the Government must prove that such books, records or accounts were of the type that were required to reflect in reasonable detail the transactions and dispositions of the assets of Vitesse.

Fourth, the Government must prove that the defendant you are considering acted knowingly and willfully.  The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

42

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that their conduct may be violating.

> Adapted from the charge of the Honorable Barbara S. Jones in <u>United States</u> v. <u>Ebbers</u>, 02 Cr. 1144 (BSJ).

REQUEST NO. 18

Counts Four and Five: False Statements in SEC Filings

Counts Four and Five of the Indictment charge that the defendants made, or caused to be made, false statements in reports and documents required to be filed under the Securities Exchange Act of 1934. Counts Four and Five charge different filings in which the defendants either made or caused to be made false statements. Count Four relates to Vitesse's annual report filed on Form 10-K for 2005, which was filed with the SEC on or about December 13, 2005. Count Five relates to Vitesse's quarterly report filed on Form 10-Q for the fiscal quarter ending December 31, 2005, which was filed with the SEC on or about December 13, 2005.

Counts Four and Five of the Indictment read in pertinent part as follows:

> [The Court is respectfully requested to read Counts Four and Five of the Indictment.]

These counts charge violations of Section 32 of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff. Section 78ff provides in relevant part:

1.   [A]ny person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this title or any rule or regulation thereunder . . . which statement was false or misleading with respect to any material fact [shall be guilty of a crime].

44

This section is the general provision of the federal securities laws which makes it unlawful to willfully violate any provision of the Securities Exchange Act of 1934, or any rule or regulation thereunder, by making materially false and misleading statements in applications, reports, and documents required to be filed with the SEC.

REQUEST NO. 19

<u>Counts Four and Five: False Statements in SEC Filings</u>
<u>Elements Of The Offense</u>

For each of Counts Four and Five, to establish a
violation of Title 15, United States Code, Section 78ff, the
Government must prove each of the following elements beyond a
reasonable doubt:

<u>First</u>, that Vitesse was required by the Securities
Exchange Act of 1934 to file the document charged in that Count;
and

<u>Second</u>, that the defendant you are considering
knowingly and willfully made, or caused to be made, a materially
false or misleading statement in that document.

Now I will explain these two elements in more detail.

46

REQUEST NO. 20

<u>Counts Four and Five: False Statements in SEC Filings</u>
<u>First Element -- Required Filings</u>

With respect to each of Counts Four and Five,
respectively, the Government must show, first, that Vitesse was
required by the Securities Exchange Act of 1934 to file the
document charged in the particular Count.  I have already
instructed you that public corporations are required to file
documents and reports as prescribed by the SEC.  These include
annual reports on Form 10-K and quarterly reports on Form 10-Q.
As I explained previously, if you find that Vitesse was a public
corporation, it was required to file these reports.

> Title 15, United States Code, Sections 78m(a); and
> Title 17, Code of Federal Regulations, Section
> 240.13a-1 and 13a-13 (Rules 13a-1 and 13a-13).

47

REQUEST NO. 21

Counts Four and Five: False Statements in SEC Filings
Second Element -- Falsity

The Government next must prove, with respect to each
of Counts Four and Five, that the defendant you are considering
made, or caused to be made, materially false and misleading
statements in the financial statement you are considering.

A statement or representation is "false" if it was
untrue when made, and known at the time to be untrue by the
person making it or causing it to be made.  As I have explained
previously, a statement is misleading if it is either an untrue
statement as to a material fact or if it omits to state a
material fact necessary in order to make the statements made, in
light of the circumstances under which they were made, not
misleading.

I have defined the term "material" for you previously
and you should use that definition here.

I have also defined the terms and "knowingly" and
"willfully".  Those same definitions apply here.

To establish this element, the Government need not
prove that the defendant in question himself physically made or
otherwise personally prepared the statements in question.  It is
sufficient if the Government has proved the defendant in

48

question caused materially false information to be filed by some person.

Now, each of Counts Four and Five is based on a different report or document filed with the SEC.  The Government contends that each of these SEC reports contains a number of materially false statements and misleading omissions.  The Government is not required to prove all of these false statments and omissions.  However, in order to convict the defendant you are considering, each juror must agree with each of the other jurors that the same statement in the SEC report you are considering was in fact materially false or misleading.  You need not unanimously agree on each such statement alleged, but, in order to convict the defendant you are considering of a particular count, you must unanimously agree upon at least one such statement as materially false and misleading in the SEC report at issue in that Count.

> Adapted from the charge of the Honorable Deborah A. Batts in United States v. Cuti, 08 Cr. 972 (DAB) and the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); see also Sand, et al., Modern Federal Jury Instructions, Instr. 36-9.

REQUEST NO. 22

Count Six: False Certification of Financial Reports

Count Six of the Indictment charges LOUIS TOMASETTA, the defendant, with falsely certifying an annual report on Form 10-K filed with the SEC in violation of Section 1350 of Title 18 of the United States Code.

Count Six of the Indictment reads in pertinent part as follows:

> [The Court is respectfully requested to read
> Count Six of the Indictment.]

In order for TOMASETTA to be found guilty, the Government must prove each of the following elements beyond a reasonable doubt:

First, that TOMASETTA, as Vitesse's Chief Executive Officer, knowingly filed a certification with the SEC representing that the 10-K identified in Count Six of the Indictment fully complied with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934, as amended, and that the information contained in the Form 10-K fairly presented, in all material respects, the financial condition and results of operations of Vitesse.

Second, that TOMASETTA knew the certification described above was false.  As I have previously instructed you,

a certification is "false" if it is untrue when made and the person making it know it was untrue.

I have already defined the words "knowingly" and "willfully," and you should apply those definitions here.

If you find that TOMASETTA is guilty of Count Six, you will be asked to specifically indicate on the verdict sheet whether you find that he acted "willfully."

> Adapted from the charge in United States v. Harris, 09 Cr. 406, 2010 WL 4967821 (N.D. Ga. Dec. 1, 2010); Title 18, United States Code, Section 3500; and United States v. Kaiser, 609 F.3d 556 (2d Cir. 2010) (definition of "willful").

51

REQUEST NO.23

## Count Seven: False Statements to Auditors

Count Seven of the Indictment charges that LOUIS TOMASETTA, the defendant, made, or caused to be made, false statements in reports and documents required to be filed under the Securities Exchange Act of 1934.  Specifically, Count Seven relates to an audit representation letter signed by TOMASETTA, which was transmitted to Vitesse's auditors in connection with their audit of Vitesse's financial statements for the fiscal year ending September 30, 2005.

Count Seven of the Indictment reads in pertinent part as follows:

> [The Court is respectfully requested to read
> Count Seven of the Indictment.]

This count charges a violation of Section 32 of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff and Rule 13b2-2, Title 17, Code of Federal Regulations, Section 240.13b2-2.  I have previously explained to you Section 32, the general provision of the federal securities laws which makes it unlawful to willfully violate any provision of the Securities Exchange Act or any rule or regulation thereunder.  That explanation applies here as well.

52

Rule 13b2-2, promulgated by the SEC, Title 17, Code of Federal Regulations, Section 240.13b2-2, provides in pertinent part as follows:

> No director or officer of an issuer shall, directly or indirectly,
>
> (a) Make or cause to be made a materially false or misleading statement, or
>
> (b) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in the light of the circumstances under which such statements were made, not misleading to an accountant in connection with:
>
> > (1) any audit or examination of the financial statements of the issuer required to be made pursuant to this subpart or
> >
> > (2) the preparation of filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise.

REQUEST NO. 24

Count Seven: False Statements to Auditors
Elements Of The Offense

In order to find TOMASETTA guilty of making false statements to auditors, the Government must prove each of the following elements beyond a reasonable doubt:

First, that at the time of the alleged offense, the defendant was an officer or director of an issuer;

Second, that the defendant, directly or indirectly, made or caused to be made a materially false or misleading statement, or omitted to state, or caused another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (1) an audit or examination of the financial statements of the issuer required to be made or (2) the preparation or filing of any document or report required to be filed with the SEC; and

Third, that the defendant acted knowingly and willfully.

Title 15, United States Code, Section 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2.

54

REQUEST NO. 25

**Count Seven: False Statements to Auditors**
**First Element -- Officer Or Director**

The first element of the offense that the Government must establish beyond a reasonable doubt is that, at the time of the alleged offense, LOUIS TOMASETTA was an officer or director of an issuer.

The term "issuer" means "any person who issues or proposes to issue any security ...." 15 U.S.C. § 78c(a)(8). If you find that Vitesse was a public corporation, then it was an issuer.

The term "officer" means, among other things, "a president" of "any organization whether incorporated or unincorporated." Exchange Act Rule 3b-2.

The term "director" means "any director of a corporation or any person performing similar functions with respect to any organization, whether incorporated or unincorporated." 15 U.S.C. § 78c(a)(7).

REQUEST NO. 26

## Count Seven: False Statements To Auditors
## Second Element -- False And Misleading Statements

The next element that you must find beyond a reasonable doubt is that TOMASETTA directly or indirectly made or caused to be made to Vitesse's auditors a materially false or misleading statement, or omitted to state, or caused another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, in connection with the audit of Vitesse's 2005 financial statement.

I have previously instructed you as to the meaning of a "false or misleading statement" in connection with my charge on Count Two.  That definition applies here.  For purposes of this Count, omissions of material information as well as actual misstatements qualify as false statements.

I have previously instructed you on the definition of "materiality," and that definition applies here as well.

I have previously explained that the Government need prove only one material misstatement or omission beyond a reasonable doubt.  However, in order to return a guilty verdict, all of you must agree on the same misstatement or omission beyond a reasonable doubt.

56

REQUEST NO. 27

Count Seven: False Statements To Auditors
Third Element -- Knowingly and Willfully

The third element that you must find is that TOMASETTA acted knowingly and willfully.

I have already defined the terms "knowingly" and "willfully" for you and those definitions apply here.

Adapted from the charge of the Honorable Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ); and Sand, et al., Modern Federal Jury Instructions, Instr. 37-5.  See United States v. Rosa, 17 F.3d 1531, 1541-42 (2d Cir. 1994).

REQUEST NO. 28

Aiding and Abetting: Willfully Causing A Crime

In Counts Two through Seven, the defendants are charged as aiders and abettors as well as principals.  In this case, the Government does not contend that the defendants personally committed every physical act charged in the Indictment.  Instead, it contends that a defendant did certain acts and caused others to physically do certain acts.  The Government contends that the defendants caused other people to make Vitesse's financial reports false and misleading.

Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean?  It does not mean that the defendant himself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant you are considering take some action without which the crime would not have occurred?

58

Second, did the defendant you are considering intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" then the defendant you are considering is guilty of the crime charged just as if the defendant himself or herself had actually committed it.

Adapted from the charge of the Honorable Paul A. Crotty in <u>United States</u> v. <u>Mandell</u>, 09 Cr. 662 (PAC).

REQUEST NO. 29

Conscious Avoidance

[[If Applicable]]

As I have explained, each of the counts charged in the Indictment require the Government to prove that the defendant you are considering acted knowingly. Here, the defendants claim they each lacked some specific aspect of knowledge necessary to find them guilty and the Government claims, that to the extent you find that to be the case, the defendant you are considering chose to be deliberately ignorant of the fact he claims not to know.

In determining whether a defendant acted knowingly, you may consider whether a defendant deliberately closed his eyes to what otherwise would have been obvious.  Although the necessary knowledge on the part of a defendant with respect to each of the charges cannot be established by showing that the defendant was careless, negligent, or foolish, a defendant may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.

Thus, knowledge of the existence of a particular fact is established if a person is aware of a high probability of its existence, unless you find the person actually believed that the

60

fact did not exist.  In other words, a defendant cannot avoid

criminal responsibility for his own conduct by "deliberately

closing his eyes," or remaining purposefully ignorant of facts

which would confirm to him that he was engaged in criminal

conduct.

> Adapted from United States v. Feroz, 848 F.2d 359 (2d
> Cir. 1988); United States v. Mang Sun Wong, 884 F.2d
> 1537, 1541-43 (2d Cir. 1989) (expressly approving
> charge); United States v. Svoboda, 347 F.3d 471, 478-
> 82 (2d Cir. 2003) (use of charge in conspiracy case);
> and, Sand, et al., Modern Federal Jury Instructions,
> Instr. 44-5 (mail and wire fraud).  See also United
> States v. Kaiser, 609 F.3d 556, 565-66 (2d Cir. 2010)
> (reaffirming standard).

> A conscious avoidance instruction is proper even where
> the Government's primary theory is that the defendants
> had actual knowledge.  See United States v. Bourke,
> No. 09-4704, slip op. at 15-16 (2d Cir. Dec. 14,
> 2011); United States v. Hopkins, 53 F.3d 533, 542 (2d
> Cir. 1995) ("Such an instruction is not inappropriate
> merely because the government has primarily attempted
> to prove that the defendants had actual knowledge,
> while urging in the alternative that if the defendants
> lacked such knowledge it was only because he had
> studiously sought to avoid knowing what was plain.").

REQUEST NO. 30

Multiple Counts/Multiple Defendants

As I noted at the outset, the Indictment contains a total of seven counts.

As I also noted, there are two defendants on trial before you: LOUIS TOMASETTA and EUGENE HOVANEC.  You must consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.

> Adapted from the charge of the Honorable Richard J.
> Sullivan in United States v. Alberto Vilar, 05 Cr. 621
> (RJS); Sand, et al., Modern Federal Jury Instructions,
> Instr. 3-8, and from the charge approved in United
> States v. Sanzo, 673 F.2d 64 (2d Cir.), cert. denied,
> 459 U.S. 858 (1982) (approving instruction that "jury
> must as a matter of law consider each count of the
> indictment and the individual defendant's involvement
> in that count separately").

REQUEST NO. 31

Motive Evidence

You have heard evidence about the defendants' motives for committing the crimes charged.  Proof of motive is not a necessary element of the crimes with which the defendants are charged.  Proof of motive does not establish guilt, nor does lack of motive establish that a defendant is innocent.

If the guilt of the defendant you are considering is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of the defendant you are considering.

> Sand, et al., Modern Federal Jury Instructions, Instr. 6-18 (citing United States v. Simon, 425 F.2d 796 (2d Cir. 1969)).

63

REQUEST NO. 32

Accomplice Testimony

You have heard from Nicole Kaplan and Yatin Mody --
witnesses who testified that they were actually involved in
carrying out aspects of the crimes charged in the Indictment.
There has been a great deal said about these so-called
accomplice or cooperating witnesses in the summations of counsel
and about whether you should believe them.

Experience will tell you that the Government
frequently must rely on the testimony of witnesses who admit to
participating in the alleged crimes at issue.  The Government
must take its witnesses as it finds them and frequently must use
such testimony in a criminal prosecution, because otherwise it
would be difficult or impossible to detect and prosecute
wrongdoers.

For these very reasons, the law allows the use of
accomplice testimony.  Indeed, it is the law in federal courts
that the testimony of an accomplice may be enough in itself for
conviction, if the jury believes that the testimony establishes
guilt beyond a reasonable doubt.

However, because of the possible interest an
accomplice may have in testifying, an accomplice's testimony
should be scrutinized with special care and caution.  The fact

64

that a witness is an accomplice can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted participating in one or more crimes, he is incapable of telling the truth about what happened.  Like the testimony of any other witness, the testimony of an accomplice witness should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.  You may consider whether an accomplice witness -- like any other witness called in this case -- has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You have heard testimony about an agreement between the Government and Nicole Kaplan and Yatin Mody.  I caution you that it not your concern why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of witnesses who are accomplices, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that

65

they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from the charge of the Honorable Paul A.
> Crotty in United States v. Mandell, 09 Cr. 662 (PAC);
> and Sand, et al., Modern Federal Jury Instructions,
> Instr. 7-5.  See also United States v. Projansky, 465
> F.2d 123, 136-37 fn. 25 (2d Cir.) (specifically
> approving charge set forth in footnote), cert. denied,
> 409 U.S. 1006 (1972); United States v. Gleason, 616
> F.2d 2, 15 (2d Cir. 1979) ("Where the court points out

66

that testimony of certain types of witnesses may be
suspect and should therefore be scrutinized and
weighed with care, such as that of accomplices or
coconspirators . . . it must also direct the jury's
attention to the fact that it may well find these
witnesses to be truthful, in whole or in part.")
(citations omitted), <u>cert. denied</u>, 444 U.S. 1082
(1980); <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d
1069, 1073 (2d Cir. 1977) (same); <u>see also</u> <u>United
States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976)
(can be reversible error not to give accomplice
witness charge if requested by defense).

REQUEST NO. 33

Accomplice Testimony – Guilty Plea

You have heard testimony from two Government witnesses, Nicole Kaplan and Yatin Mody, who have pleaded guilty to charges arising in part out of the same facts that are at issue in this case.  You are instructed, however, that you are to draw no conclusions or inferences of any kind about the guilt of a defendant merely from the fact that a prosecution witness pleaded guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about that witness's own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-110.  See United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

68

REQUEST NO. 34

Non-Prosecution Agreements

You have heard testimony from two Government witnesses, David Bowers and Lori Williams, who testified pursuant to agreements with the Government that, that in exchange for their truthful testimony, the Government promised them that they will not be prosecuted for any crimes that they may have committed.

The Government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom such promises are given.  The fact that the Government has agreed not to prosecute a witness does not disqualify him or her from testifying and does not preclude you from accepting that testimony as true.

As with accomplice testimony, in evaluating the testimony of a witness who has a non-prosecution agreement you should ask yourselves whether he or she would benefit more by lying or by telling the truth.  Was the testimony made up in any way because the witness believed or hoped that he or she would somehow receive favorable treatment by testifying falsely, or did the witness believe that his or her interest would best be served by testifying truthfully?

69

If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause him or her to tell the truth?  Did this motivation color the witness' testimony?  If you find that the testimony was false, you should reject it.  However, if, after a caution and careful examination of the witness' testimony and demeanor upon the witness stand you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion. Credibility is a determination entirely for you, the jury.

REQUEST NO. 35

Character Testimony

[If applicable]

You have heard testimony that a defendant has a good reputation for [to be completed as appropriate].  Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendants committed the crime.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

71

REQUEST NO. 36

Defendant's Testimony

[If applicable]

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case, defendant[s] [_____] did testify and was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any other witness with an interest in the outcome of the case.

> United States v. Brutus, 505 F. 3d 80, 88 & n.7 (2d
> Cir. 2007) (rejecting instructions stating that a
> defendant's interest in the outcome of a case gives
> him a motive to testify falsely and specifically
> approving this charge).

72

REQUEST NO. 37

Defendant's Right Not to Testify

[If applicable]

The defendant[s] [_____] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that a defendant did not testify.  No adverse inference against them may be drawn by you because they did not take the witness stand. You may not consider this against a defendant in any way in your deliberations in the jury room.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-21.

73

REQUEST NO. 38

Admission of a Defendant

There has been evidence that defendant TOMASETTA made certain statements in which the Government claims he made admissions relevant to the charges in the Indictment.

I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.  TOMASETTA's statements are to be considered against only him.  They may not be considered against defendant HOVANEC.

Adapted from Sand, et al., Modern Federal Jury
Instructions, Instr. 5-19.  See Richardson v. Marsh,
481 U.S. 200 (1987); United States v. Jass, 569 F.3d
47 (2d Cir. 2009).

REQUEST NO. 39

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

75

REQUEST NO. 40

Uncalled Witnesses - Equally Available to Both Sides

There are persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that every party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

76

REQUEST NO. 41
Charts and Summaries - Admitted as Evidence

[If applicable]

Now, some of the exhibits that were admitted into
evidence were in the form of charts and summaries.  I decided to
admit these charts and summaries in place of and, at times,
along with the underlying documents that they represent in order
to save time and avoid unnecessary inconvenience.  You should
consider these charts and summaries as you would any other
evidence.

Sand, et al., Modern Federal Jury Instructions, Instr.
5-12. See also Fed. R. Evid. 1006.

77

REQUEST NO. 42

Stipulations of Evidence

[If applicable]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-7.

78

## REQUEST NO. 43

### Stipulations of Fact

In this case you have heard evidence in the form of stipulations that contained facts that were agreed to be true. In such instances, you must accept those facts as true.

REQUEST NO. 44

Variance in Dates

It does not matter if the indictment alleges that a specific transaction occurred on or about a certain date or month and the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

The statute of limitations, however, provides an exception to his general rule.  The Indictment alleges that the defendants agreed to, and did commit various crimes beginning as early as 2001 and continuing to as late as 2006; but, because of what is called the statute of limitations, each defendant may only be found guilty on a given charge if you find beyond a reasonable doubt that any conduct on his part (or, in the case of the conspiracy charge, the conduct on the part of any conspirator), that otherwise satisfies the essential elements of that charge occurred at least partly on or after December 7, 2005.

Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Treacy, S2 08 Cr. 366 (JSR).

REQUEST NO. 45

Venue

      In addition to the elements I have described for you, you must decide whether the alleged criminal acts in this case occurred within the Southern District of New York.

      The Government has offered evidence that some of the events occurred in Manhattan.  I instruct you that Manhattan is in the Southern District of New York.

      I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that criminal activity occurred in the Southern District of New York.

      If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant you are considering of this charge.

REQUEST NO. 46

<u>Particular Investigative Techniques Not Required</u>

You have heard reference to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not the Government has proven the guilt of each defendants beyond a reasonable doubt.

REQUEST NO. 47

Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendantss from the fact that any person other than the defendantss are not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may also not draw any inference, favorable or unfavorable, towards the Government or the defendantss from the fact that certain persons were not named in the Indictment.  The fact that these persons were not indicted must play no part in your deliberations.  Whether a person should be named as a co-conspirator or indicted as a defendants is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore you may not consider it in any way in reaching your verdict as to the defendants on trial.

REQUEST NO. 48

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt of each defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, whether you find the defendant you are considering guilty or not, must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or

84

effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do <u>not</u> report how the vote stands, and, if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like [if applicable].  The foreperson will preside over your deliberations, and will be your spokesperson here in court. That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Dated:      New York, New York
            January 13, 2012

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                   of America

                    By:   _____
                              JOHN J. O'DONNELL
                              KATHERINE R. GOLDSTEIN
                              Assistant United States Attorneys
                              (212) 637-2490/2262

                                   86

<u>AFFIRMATION OF SERVICE</u>

JOHN J. O'DONNELL hereby affirms pursuant to Section 1746 of Title 28, United States Code:

1.    I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York.

2.    On January 13, 2012, I caused a true and correct copy of the foregoing Government's Requests To Charge to be served via the Court's Electronic Case Filing system on the following:

Dan Marmalefsky, Esq.              Gary Lincenberg, Esq.
Lawrence Gerschwer, Esq.           Peter J. Shakow, Esq.
Morrison & Foerster               Bird, Marella, Boxer,
1290 Avenue of the Americas        Wolpert, Nessim, Drooks &
New York, NY 10104                 Lincenberg
                                   1875 Century Park East
                                   Los Angeles, CA 90067-2561
*Counsel for defendant*
*Louis Tomasetta*                   *Counsel for defendant*
                                    *Eugene Hovanec*

3.    I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated:    New York, New York
          January 13, 2012

                                   _____
                                   JOHN J. O'DONNELL