United States District Court
Southern District of New York

---------------------------------------------------------------- x
                           :

UNITED STATES OF AMERICA,          :

                 Plaintiff,      :      No. 10 Crim. 1205 (PAC)

         v.                       :

LOUIS TOMASETTA and EUGENE HOVANEC,   :

               Defendants.    :

---------------------------------------------------------------- x

## DEFENDANTS' REQUEST TO CHARGE

         Pursuant to Federal Rule of Criminal Procedure 30, Defendants Louis Tomasetta and Eugene Hovanec respectfully submit the attached proposed jury instructions.

         Defendants respectfully reserve the opportunity to submit additional or modified instructions if necessary.

Dated:  1/15/12

                                    Respectfully submitted,

**BIRD, MARELLA, BOXER, WOLPERT,**
**NESSIM, DROOKS & LINCENBERG, P.C.**
Gary S. Lincenberg (admitted *pro hac vice*)
Peter J. Shakow (admitted *pro hac vice*)
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
310.201.2100

**CLAYMAN & ROSENBERG**
Charles Clayman
305 Madison Avenue
New York, New York 10165
212.922.1080

*Attorneys for Defendant Eugene Hovanec*

**MORRISON & FOERSTER** LLP
Dan Marmalefsky (admitted *pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013-1024
213.892.5200

Lawrence Gerschwer
Katie L. Viggiani
1290 Avenue of the Americas
New York, New York 10104-0050
212.468.8000

*Attorneys for Defendant Louis Tomasetta*

# TABLE OF CONTENTS

**I. PRELIMINARY INSTRUCTIONS – AT BEGINNING OF TRIAL** ................................ 1

    REQUEST NO. 1: Preliminary Jury Instructions .................................................. 1

    REQUEST NO. 2: Preliminary Instruction – Contact With Others ..................... 5

    REQUEST NO. 3: Preliminary Instruction – Note-Taking by Jury ..................... 7

    REQUEST NO. 4: Preliminary Instruction – Publicity ........................................ 8

    REQUEST NO. 5: Preliminary Instruction – The Government as a Party ........... 9

    REQUEST NO. 6: Preliminary Instruction – Conduct of Counsel .................... 10

    REQUEST NO. 7: Preliminary Instruction – Court's Questions to
    Witnesses .......................................................................................................... 11

    REQUEST NO. 8: Preliminary Instruction – Immunity..................................... 12

    REQUEST NO. 9: Preliminary Instruction – Indictment is Not Evidence.......... 13

    REQUEST NO. 10: Preliminary Instruction – Presumption of Innocence
    and Burden of Proof.......................................................................................... 14

    REQUEST NO. 11: Preliminary Instruction – Reasonable Doubt ..................... 15

    REQUEST NO. 12: Improper Considerations.................................................... 16

**II. INSTRUCTIONS AT CLOSE OF TRIAL**..................................................... 17

    **A. GENERAL INSTRUCTIONS** ................................................................... 17

        REQUEST NO. 13: Introduction.................................................................. 17

        REQUEST NO. 14: Role of the Jury ............................................................ 18

        REQUEST NO. 15: The Government as a Party............................................ 20

        REQUEST NO. 16: Media Coverage ............................................................ 21

        REQUEST NO. 17: Presumption of Innocence and the Government's
        Burden of Proof......................................................................................... 22

        REQUEST NO. 18: Reasonable Doubt ......................................................... 23

        REQUEST NO. 19: Testimony, Exhibits, Stipulations, and Judicial Notice ...... 25

        REQUEST NO. 20: Direct and Circumstantial Evidence ................................. 26

        REQUEST NO. 21: Conduct of Counsel........................................................ 28

        REQUEST NO. 22: Counsel Cooperation...................................................... 29

        REQUEST NO. 23: Indictment Is Not Evidence............................................ 30

    **B. ELEMENTS OF THE CHARGED OFFENSES** ...................................... 31

        REQUEST NO. 24: Multiple Counts – Multiple Defendants............................ 31

        REQUEST NO. 25: The Charges .................................................................. 32

REQUEST NO. 26: Consider Only the Charges (If "Other Acts" Evidence Is Introduced) ........................................................................................ 33

REQUEST NO. 27: No Respondeat Superior Liability ...................................... 34

REQUEST NO. 28: COUNT ONE:  Conspiracy – Elements of Conspiracy ...... 35

REQUEST NO. 29: COUNT ONE:  Conspiracy – First Element (Existence of Unlawful Agreement) ........................................................... 36

REQUEST NO. 30: COUNT ONE:  Conspiracy – Second Element (Membership In The Conspiracy) .............................................. 38

REQUEST NO. 31: COUNT ONE:  Conspiracy – Third Element (Commission Of Overt Act) ..................................................... 40

REQUEST NO. 32: COUNT ONE:  Conspiracy – Fourth Element (Furtherance of the Conspiracy) ............................................ 42

REQUEST NO. 33: Multiple Conspiracies ...................................................... 43

REQUEST NO. 34: COUNT TWO:  Securities Fraud – The Elements of the Offense ............................................................................... 45

REQUEST NO. 35: COUNT TWO:  Securities Fraud – First Element (Fraudulent Act) .................................................................. 47

REQUEST NO. 36: COUNT TWO:  Securities Fraud – Second Element (Knowledge, Intent and Willfulness) .................................... 50

REQUEST NO. 37: COUNT TWO:  Securities Fraud – Third Element (Instrumentality of Interstate Commerce) ............................ 53

REQUEST NO. 38: COUNT THREE: False Books And Records – Elements Of The Offense ........................................................ 55

REQUEST NO. 39: COUNT THREE: False Books And Records – First Element (Required Books And Records) .............................. 57

REQUEST NO. 40: COUNT THREE: False Books And Records – Second Element (False Entries) ............................................ 58

REQUEST NO. 41: COUNT THREE: False Books And Records – Third Element (False Entries In Type Of Books Required To Be Kept) .......... 59

REQUEST NO. 42: COUNT THREE: False Books And Records – Fourth Element (Knowingly And Willfully) ....................................... 60

REQUEST NO. 43: COUNTS FOUR AND FIVE: False Statements To The SEC – Elements ................................................................ 61

REQUEST NO. 44: COUNTS FOUR AND FIVE: False Statements To The SEC – First Element (Required Filings) ................................ 63

REQUEST NO. 45: COUNTS FOUR AND FIVE: False Statements To The SEC – Second Element (False Statement) ............................. 64

REQUEST NO. 46: COUNTS FOUR AND FIVE: False Statements To The SEC – Third Element (Materiality)................................ 65

REQUEST NO. 47: COUNTS FOUR AND FIVE: False Statements To The SEC – Fourth Element (Defendant Made The Statement Or Cause It To Be Made) ........................ 66

REQUEST NO. 48: COUNTS FOUR AND FIVE: False Statements To The SEC – Fifth Element (Knowingly And Willfully)................... 67

REQUEST NO. 49: COUNT SIX: False Certification – Elements Of The Offense ............................................... 68

REQUEST NO. 50: COUNT SIX: False Certification – First Element (Certification)............................................ 70

REQUEST NO. 51: COUNT SIX: False Certification – Second Element (Falsity) .............................................. 71

REQUEST NO. 52: COUNT SIX: False Certification – Third Element (Knowledge) .......................................... 72

REQUEST NO. 53: COUNT SIX: False Certification – Fourth Element (Willfulness) .......................................... 73

REQUEST NO. 54: COUNT SIX: False Certification – Fifth Element (Materiality) ........................................... 74

REQUEST NO. 55: COUNT SEVEN: False Statements To Auditors – Elements Of The Offense............................ 75

REQUEST NO. 56: COUNT SEVEN: False Statements To Auditors – First Element (False Statement) ...................... 77

REQUEST NO. 57: COUNT SEVEN: False Certification – Second Element (Materiality)................................ 78

REQUEST NO. 58: COUNT SEVEN: False Statements To Auditors – Third Element (In Connection With An Audit)................ 80

REQUEST NO. 59: COUNT SEVEN: False Statement To Auditors – Fourth Element (Knowingly And Willingly)........................ 81

REQUEST NO. 60: Statute of Limitations........................ 82

REQUEST NO. 61: Venue .................................... 83

REQUEST NO. 62: Retroactive Dating Or Pricing Is Not Illegal ........ 84

REQUEST NO. 63: Granting "In-The-Money" Stock Options Is Not Illegal ................................................ 85

REQUEST NO. 64: Drafting Non-Contemporaneous Minutes for Meetings is Not Illegal............................................ 86

REQUEST NO. 65: Good Faith................................ 87

**C. THEORIES OF THE DEFENSE** ........................ 89

REQUEST NO. 66: Theories Of The Defense ................................... 89

**D. INSTRUCTIONS FOR DELIBERATIONS** ........................................ 90

REQUEST NO. 67: Witness Credibility – General Instruction ........................ 90

REQUEST NO. 68: Defendant's Reputation and Opinion of Defendant's
Character (If Applicable) ....................................... 92

REQUEST NO. 69: Witness Credibility – Bias and Hostility (If Applicable)
........................................................ 93

REQUEST NO. 70: Witness Credibility – Impeachment By Prior
Inconsistent Statement ..................................... 94

REQUEST NO. 71: Accomplice Testimony – Witnesses Called By The
Government............................................... 95

REQUEST NO. 72: Testimony Concerning Alleged Co-Conspirators'
Beliefs, Understanding, State of Mind or Intent .................... 96

REQUEST NO. 73: Government Witnesses – Not Proper To Consider
Guilty Plea ................................................ 97

REQUEST NO. 74: Improper Consideration of Defendant's Right Not to
Testify (If Defendant Does Not Testify) ..................... 98

REQUEST NO. 75: Testimony of Defendant (If Defendant Testifies)............... 99

REQUEST NO. 76: Stipulations (If Applicable)............................... 100

**E. PROCEDURES YOU MUST FOLLOW** .................................... 101

REQUEST NO. 77: Selection of a Foreperson................................ 101

REQUEST NO. 78: Duty to Consult and Need for Unanimity ........................ 102

REQUEST NO. 79: Unanimity of Theory....................................... 103

REQUEST NO. 80: Exhibits And Testimony; Communications With Court
........................................................ 106

I.      **PRELIMINARY INSTRUCTIONS – AT BEGINNING OF TRIAL**

**REQUEST NO. 1:**

**Preliminary Jury Instructions**

This case is now officially on trial and you are the jurors in the case. A preliminary word about your duties and trial procedures. I have already instructed you that the function of the jury is to decide the disputed fact issues in the case. Obviously, in order to discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward. In short, it is important to keep an open mind throughout the entire trial.

I also usually suggest that it is equally important to observe the witnesses as they testify. The reason for this is that the credibility of most witnesses, if not all, will be an issue. You will be called upon to appraise the credibility or the truthfulness of a particular witness's testimony. Often times it is not what a witness says, but how the witness says it that may give you a clue as to whether or not to accept his or her version of an incident or an event as credible or believable. In short, the witness's manner of testifying before you, the witness's appearance – that is, general demeanor – is a factor that may play an important part in your reaching a judgment as to whether or not you can accept that witness's testimony as reliable.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened because if you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in subsequent to the witness you heard. This would be unfair to one side or the other. A case can be presented only step by step, witness by witness, before the totality of all the evidence is before you.

We know from experience that frequently we will hear a person give a version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross examined with respect to it - what seemed so very compelling and impressive may be completely dissipated or weakened.

I am simply saying or trying to say to you in plain English, remember that usually there may be another side to every story. Thus, it is important to keep an open mind throughout the taking of evidence.

Each defendant, his attorneys and the government attorneys are now instructed not to speak to jurors or to speak about the case in your presence. Thus, you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

Now a word about trial procedure. The trial proper will start with what are called opening statements. The government attorneys will, before any evidence is received, appear before you and make an opening statement. The defense attorneys have the option of presenting opening statements either before the government's case or before the defense case. This is a sort of framework or reference as to what the case is about – the issues in the case – and the attorneys will set forth what they believe – and I underscore the word believe – the evidence will show. These statements by the lawyers are made in good faith and on the basis of their preparation for trial. But I must caution you now, and probably will again during the course of the trial, that, however helpful these opening statements may be so that we can follow the testimony with reference to the issues in the case, they are not a

substitute for the evidence. The only evidence that you may act upon is that which you will hear from a witness who will be sworn in your presence, takes an oath to tell the truth, and following questioning on direct examination, is subject to cross examination, and such documents or exhibits as are admitted in evidence.

The totality of the testimony of witnesses and the exhibits constitute the evidence upon which you will reach a verdict in the case. So, too, if during the course of the trial a lawyer for either the government or the defense should make any statement with reference to a fact matter, or include a fact reference in a question, or eventually in his summation refers to fact matters, you will bear in mind that statements by the lawyers are not evidence. The sole and only evidence is that to which I have already referred.

After the opening statements, the government will offer its proof – that is called the government's direct case. Upon the conclusion of the government's case, each defendant may go forward with his case. If there is any rebuttal, the government will offer rebuttal. A defendant is not required to make an opening statement or offer any proof. As I have already told you, the defendants have no burden of proof and are presumed to be innocent of the charges. The sole burden of proof is upon the government, and to sustain its charges it must do so beyond a reasonable doubt. If a defendant decides not to make an opening statement or offer proof, in no respect may this be considered against a defendant.

Upon the conclusion of all the testimony the lawyers will again address you. This is called a summation and each will urge upon you the arguments that he or she believes supports whatever position he or she advocates. You will, of course, listen attentively to the lawyers. The determination as to whether or not you accept any argument advanced before you by the prosecution or the defense is entirely up to you. You make the fact

determination. You may accept such arguments as appeal to you; if not, you may reject them.

Following the lawyers' summation, the court will instruct you as to the law and it is then that you go into the jury room and undertake your fact-finding function. The ultimate decision in finding the facts, deciding the facts, is yours. This must be based upon the evidence presented before you.[1]

---

[1] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 1-1 (2011).

**Preliminary Instruction – Contact With Others**

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. Because you must base your verdict only on the evidence received in the case and my instruction on the law, I remind you that you must not be exposed to any other information about the case or the issues it involves. Except for discussing the case with your fellow jurors during your deliberations, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, and blogging or discussing or reading about the case on the Internet. I am ordering that you not conduct, and not ask anyone else to conduct internet or other searches on anyone involved in this case.

If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as **[date]**, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including

dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.[2]

---

[2] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 1-2 (2011).

# REQUEST NO. 3:

## Preliminary Instruction – Note-Taking by Jury

**If note-taking is permitted:** If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

**If note-taking is not permitted:** You may not take notes during the trial. The main reason for this is that it is difficult to take notes at the same time you are trying to pay attention to what a witness is saying. In addition, some of you may be better note-takers than others and there is a risk that the jurors who do not take good notes will depend on the notes of the others. The jury system depends on all twelve jurors paying close attention and arriving at a unanimous decision. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.[3]

---

[3] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 1-3 (2011).

## REQUEST NO. 4:

### Preliminary Instruction – Publicity

While I don't anticipate that this case will receive much if any publicity during the trial, it is possible that there will be some.   If there is any media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the Rules of Evidence.  So, when you leave here and go to your home and read the news, if you see something about the case, you must not read the article.  You must also avoid watching television discussion about this case or issues involved in this case.[4]

---

[4] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-14 (2011).

## REQUEST NO. 5:

## Preliminary Instruction – The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By that same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.[5]

---

[5] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-5 (2011); and *id.*, Comment, at 2-15 (2011); *see also United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.)

## REQUEST NO. 6:

### Preliminary Instruction – Conduct of Counsel

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

Please also keep in mind that my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[6]

---

[6] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-8 (2011).

## REQUEST NO. 7:

### Preliminary Instruction – Court's Questions to Witnesses

During the course of the trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.[7]

---

[7] Adapted from *United States v. Treacy,* No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

## REQUEST NO. 8:

## Preliminary Instruction – Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.[8]

---

[8] *See Banks v. Dretke*, 540 U.S. 668, 701-02 (2004) (approving this and similar pattern instructions in the First, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits). In *Banks*, the Supreme Court emphasized it had long recognized "the 'serious questions of credibility' informers pose," and the need for "customary, truth-promoting precautions that generally accompany the testimony of informants"); *see On Lee v. United States*, 343 U.S. 747, 757 (1952).

# REQUEST NO. 9:

## Preliminary Instruction – Indictment is Not Evidence

I remind you that an indictment itself is not evidence. It merely describes the charges made against each defendant. It is only an accusation. It may not be considered by you as any evidence against or unfavorable to the defendants.

In reaching your determination of whether the government has proved each defendant guilty on any count beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.[9]

---

[9] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-1 (2011).

## REQUEST NO. 10:

### Preliminary Instruction – Presumption of Innocence and Burden of Proof

Each defendant has pleaded not guilty to the charges in the indictment. To convict the defendant you are considering, the burden is on the prosecution to prove that defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to a defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.[10]

---

[10] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 4-1 (2011)

<u>**REQUEST NO. 11:**</u>

<u>**Preliminary Instruction – Reasonable Doubt**</u>

The law requires the government to prove the defendant's guilt beyond a reasonable doubt. A defendant is never to be convicted based on mere suspicion or conjecture.

A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act in matters of utmost importance. It is not caprice, whim, it is not sympathy, nor an excuse to avoid performance of an unpleasant duty. Proof beyond a reasonable doubt must be proof of such a convincing nature that a reasonable person would confidently rely and act upon it in the most important of his or her own affairs.

Now, you may ask how a reasonable doubt can arise. A reasonable doubt can arise from the lack or insufficiency of evidence, from your disbelief or doubt as to the accuracy or honesty of testimony or the genesis of documents, or from conflicting evidence. A reasonable doubt can arise also if the inferences upon which the government's proof relies are not sufficiently convincing. It can arise in other ways as well.

Proof beyond a reasonable doubt is proof that is supported by what you confidently believe to be accurate testimony or logical inferences from proven facts. It is the quality, not the quantity, of the proof that matters.[11]

---

[11] Adapted from Devitt & Blackmar, Devitt & Blackmar, *Federal Jury Practice and Instructions*, §17.13; and the instruction from *United States v. Coonan*, S 87 Cr. 249 (S.D.N.Y. Feb., 1988) (Knapp, J.)

## REQUEST NO. 12:

## Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

I repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.[12]

---

[12] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-11 (2011).

## II.    INSTRUCTIONS AT CLOSE OF TRIAL

### A.    GENERAL INSTRUCTIONS

### REQUEST NO. 13:

### *Introduction*

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law.  You must pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law in a few moments.

I will give you a copy of these instructions for your use while deliberating.  It is available to each of you.  If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you. [13]

---

[13] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-1 (2011). Final paragraph adapted from *United States v. Treacy,* No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

### *Role of the Jury*

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility – or believability – of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses – the testimony they gave, as you recall it-and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during

the trial are not any indication of my views of what your decision should be as to whether or not the guilt of a defendant has been proven beyond a reasonable doubt.

As I instructed you before the start of the trial, I ask you again to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.[14]

---

[14] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-3 (2011).

## REQUEST NO. 15:

### *The Government as a Party*

As I instructed you at the beginning of the trial, you are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By that same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.[15]

---

[15] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-5 (2011); and *id.*, Comment, at 2-15 (2011); *see also United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.)

## REQUEST NO. 16:

## Media Coverage

As I also instructed you prior to the trial, your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press, or seen or heard on television, the radio, or the Internet. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.[16]

---

[16] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-17 (2011) (with addition of the Internet).

## REQUEST NO. 17:

### Presumption of Innocence and the Government's Burden of Proof

Although each defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendants have pled not guilty to each charge in the indictment.

To convict a defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.[17]

---

[17] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 4-1 (2011).

# REQUEST NO. 18:

## Reasonable Doubt

I have said that the government must prove each defendant guilty beyond a reasonable doubt. The question naturally is "what is a reasonable doubt?"

The law requires the government to prove the defendant's guilt beyond a reasonable doubt. A defendant is never to be convicted based on mere suspicion or conjecture.

A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act in matters of utmost importance. It is not caprice, whim, it is not sympathy, nor an excuse to avoid performance of an unpleasant duty. Proof beyond a reasonable doubt must be proof of such a convincing nature that a reasonable person would confidently rely and act upon it in the most important of his or her own affairs.

Now, you may ask how a reasonable doubt can arise. A reasonable doubt can arise from the lack or insufficiency of evidence, from your disbelief or doubt as to the accuracy or honesty of testimony or the genesis of documents, or from conflicting evidence. A reasonable doubt can arise also if the inferences upon which the government's proof relies are not sufficiently convincing. It can arise in other ways as well.

Proof beyond a reasonable doubt is proof that is supported by what you confidently believe to be accurate testimony or logical inferences from proven facts. It is the quality, not the quantity, of the proof that matters.[18]

---

[18] Adapted from Devitt & Blackmar, Devitt & Blackmar, *Federal Jury Practice and Instructions*, §17.13; and the instruction from *United States v. Coonan*, S 87 Cr. 249 (S.D.N.Y. Feb., 1988) (Knapp, J.)

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should find that defendant guilty of that charge.[19]

---

[19] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 4-2 (2011).

## REQUEST NO. 19:

## Testimony, Exhibits, Stipulations, and Judicial Notice

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.[20]

---

[20] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 5-4 (2011).

## REQUEST NO. 20:

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what the witness asserts is known to him of his own knowledge by virtue of his own senses—what the witness claims he saw, touched, felt or heard—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other relevant fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be unanimously satisfied of a defendant's guilt beyond a reasonable doubt from all of the evidence in the case.[21]

---

[21] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 5-2 (2011).

**Conduct of Counsel**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law were decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[22]

---

[22] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-8 (2011).

**Counsel Cooperation**

You may have noticed throughout the trial that counsel for various defendants have consulted with each other and have divided the work of the trial in an effort to facilitate their presentation and to avoid duplication. The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case. The issue of each defendant's guilt is personal and you must make a separate determination as to whether or not each defendant's guilt has been proven beyond a reasonable doubt. In making that judgment, you are to disregard entirely the circumstance that counsel for the defendants have worked together during the trial. Indeed, especially in a case of this length, it would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense.[23]

---

[23] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-10 (2011).

**REQUEST NO. 23:**

**Indictment Is Not Evidence**

With these preliminary instructions in mind, let us turn to the charges contained in the indictment. I remind you that an indictment itself is not evidence. It is only an accusation, and it may not be considered by you as any evidence of the guilt of a defendant.

In reaching your determination of whether the government has proved a defendant guilty on any count beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.[24]

---

[24] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-1 (2011).

## B.      ELEMENTS OF THE CHARGED OFFENSES

### REQUEST NO. 24:

### Multiple Counts – Multiple Defendants

The indictment contains a total of seven counts.  Each count charges a different crime.

You must, as a matter of law, consider each count of the indictment separately and return a separate verdict of guilty or not guilty for each count on which he is charged. Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.[25]

---

[25] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-8 (2011).

**The Charges**

The indictment contains seven counts.

Count One charges that each defendant knowingly and intentionally entered into a criminal conspiracy to commit four illegal objects.

Count Two charges each defendant with knowingly, willfully and intentionally employing devices, schemes and artifices to defraud, and engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of Vitesse securities.

Count Three charges each defendant with knowingly and willfully falsifying or causing to be falsified Vitesse's books and records.

Count Four charges each defendant with knowingly and willfully making or causing to be made false statements in Vitesse's Form 10-K for the fiscal year ending September 30, 2005.

Count Five charges each defendant with knowingly and willfully making or causing to be made false statements in Vitesse's Form 10-Q for the fiscal quarter ending December 31, 2005.

Count Six charges defendant Louis Tomasetta with knowingly and willfully falsifying or causing to be falsified certifications of Vitesse's Form 10-K for the fiscal year ending September 30, 2005

Count Seven charges defendant Louis Tomasetta with knowingly and willfully making or causing to be made false statements to Vitesse's auditors.

## REQUEST NO. 26:

### Consider Only the Charges (If "Other Acts" Evidence Is Introduced)

Neither defendant is charged with committing any crimes other than the offenses contained in the indictment.  More specifically, neither defendant is charged with any crime based on any actions they may have taken to conceal the preparation of minutes years after the events that the minutes describe.  You have heard evidence of other acts allegedly committed by one, or both, of the defendants.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose, and you are only to return a verdict as to the specific charges in the indictment.[26]

---

[26] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-3 (2011).

## REQUEST NO. 27:

## No Respondeat Superior Liability

There is one point I want to address before I review the elements of the charged offenses. You have heard testimony that each defendant held an executive position at Vitesse. I instruct you that you may not vote to convict either defendant based solely on the positions that he held within the company.

A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of other employees merely because he held a senior position within the corporation. Therefore, it is not enough for the government to merely prove that the alleged conduct occurred at Vitesse for either defendant to be held criminally responsible. Nor is it enough for the government to prove that one or more individuals involved in the alleged conduct reported to either defendant. In addition, you may not infer that either defendant, based solely on his position at Vitesse, engaged in or had knowledge of the alleged misconduct. Furthermore, it is not enough for the government to prove that either defendant should have known about the alleged conduct at Vitesse. In each instance, the law requires that the government must prove beyond a reasonable doubt that each defendant acted with the particular unlawful intent required for that offense.[27]

---

[27] Adapted from *United States v. Forbes*, No. 3:02 CR 264, at 11 (D. Conn. 2007); Sand, *et al.*, Modern Federal Jury Instructions, Instr. 6-3 (2006) (instruction stating that presence and association are not evidence of guilt).

**REQUEST NO. 28:**

**COUNT ONE:  Conspiracy – Elements of Conspiracy**

In order to satisfy its burden of proof, the government must establish each of the following four essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment starting in or about 2001;

Second, that the defendant that you are considering knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act(s) which you find to have been committed was/were committed to further some objective of the conspiracy.

Finally, that either the agreement was formed or that an overt act in furtherance of the conspiracy was committed in the Southern District of New York, which includes the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan.[28]

---

[28] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 19-3

<u>**REQUEST NO. 29:**</u>

<u>**COUNT ONE:  Conspiracy – First Element (Existence of Unlawful Agreement)**</u>

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, the government must prove that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.

The indictment charges a single, overarching scheme to deceive Vitesse's auditors and investors by (1) recognizing revenue on product shipments in a manner that was inconsistent with Vitesse's disclosures; **and** (2) by falsely representing that Vitesse had no options granted to employees in which the market price of the underlying stock exceeded the exercise price on the date of grant.

The indictment also charges the following four objects of the alleged conspiracy: (1) to commit fraud in connection with the purchase and sale of securities; (2) to make false and misleading statements in annual and quarterly SEC reports; (3) to make false and misleading statements to auditors; and (4) to falsify the books, records and accounts of a public company.  Each object is also charged in separate counts as separate substantive offenses.   For this reason, I will further instruct you on the elements of each object when I get to the count in the indictment that substantively charges that offense.

In order to find a defendant guilty of this charge, you must all unanimously agree as to both the unlawful object of the conspiracy and the means employed to achieve that

object.  If you do not agree unanimously that the government has proven beyond a

reasonable doubt an agreement to accomplish the same unlawful object through the same

means employed to achieve that object, then you must return a verdict of not guilty with

respect to Count One. [29]

---

[29] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-4.  The charge requiring unanimity is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7.1 (2011).  "Instruction 9-7.1 has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge."  *Id.*, Comment (2011).

**REQUEST NO. 30:**

**COUNT ONE:  Conspiracy – Second Element (Membership In The Conspiracy)**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant you are considering knowingly and willfully became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, then you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether that defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its illegal object?

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he knowingly and willfully joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant you are considering joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

I want to caution you that a defendant's employment at Vitesse does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make a defendant a member. More is required under the law. What is necessary is that a defendant must have willfully participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Since an essential element of the crime charged is knowledge and willfulness it follows that good faith on the part of a defendant is a complete defense to a charge of conspiracy. As I will instruct you, a defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and a defendant's consequent lack of good faith beyond a reasonable doubt. I will instruct you further on the defense of good faith in a moment.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of

furthering the illegal undertaking. He thereby becomes a knowing and willing participant

in the unlawful agreement – that is to say, a conspirator.[30]

---

[30] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 19-6.  The instruction on good faith is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 8-1 (2011); *see also United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.).

**REQUEST NO. 31:**

**COUNT ONE:  Conspiracy – Third Element (Commission Of Overt Act)**

The third element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that at least one of the alleged overt acts in the indictment was committed by an alleged member of the alleged conspiracy.  An "overt act" is any step, action or conduct intended to accomplish or further the object of the conspiracy, and to find a defendant guilty of Count One, you must unanimously agree that the same overt act was committed.  It is not enough to satisfy this element if some of you find that the government has proven one overt act, while others of you find that the government has proven a different overt act.  If you do not agree unanimously, with respect to at least one of the overt acts charged in the indictment, that the government has proven that specific overt act beyond a reasonable doubt, then you must return a verdict of not guilty with respect to Count One.

The indictment alleges numerous overt acts.  Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.  The overt act may, but for the alleged illegal agreement, appear completely innocent and legal.

Additionally, there is a limit on how much time the government has to obtain an indictment.  This is called the statute of limitations.  For you to return a guilty verdict on the conspiracy charge, the government must convince you beyond a reasonable doubt that at least one overt act was committed for the purpose of advancing or helping the conspiracy after December 7, 2005.

Finally, you must find that an overt act in furtherance of the conspiracy was committed in the Southern District of New York, which includes the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan.[31]

---

[31] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 19-7; *United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

The charge requiring unanimity is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7.1 (2011). "Instruction 9-7.1 has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." *Id.*, Comment (2011); s*ee also United States v. Reyes*, No. 06-cr-556 (N.D. Cal. 2010) (Breyer, C.).

## REQUEST NO. 32:

## COUNT ONE: Conspiracy – Fourth Element (Furtherance of the Conspiracy)

The fourth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed, during the period of the alleged conspiracy, for the purpose of carrying out the alleged unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done during the period of the alleged conspiracy, by at least one alleged conspirator, in furtherance of some object or purpose of the conspiracy charged in the indictment. An overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

As the Court has already mentioned, there is a limit on how much time the government has to obtain an indictment, referred to as the statute of limitations. The government must therefore convince you beyond a reasonable doubt that at least one overt act was committed for the purpose of carrying out the alleged unlawful agreement on or after December 7, 2005, in order for you to return a guilty verdict.

In order to establish that a defendant is guilty of the charge of conspiracy, the government must prove beyond a reasonable doubt each and every one of these four elements. If you find that the government has failed to prove any of these elements beyond a reasonable doubt, then you must find the defendants not guilty of the conspiracy charge.[32]

---

[32] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 19-8 (2011).

## REQUEST NO. 33:

## Multiple Conspiracies

In this case, the defendants contend that the government's proof fails to show the existence of the single, overarching conspiracy charged in the indictment.

Whether there existed a single, overarching conspiracy, or two separate and independent conspiracies, or indeed no conspiracy at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give to you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exists when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved is the single, overall conspiracy described in the indictment.

The indictment charges a single, overarching scheme to deceive Vitesse's auditors and investors by (1) recognizing revenue on product shipments in a manner that was inconsistent with Vitesse's disclosures; **and** (2) by falsely representing that Vitesse had no options granted to employees in which the market price of the underlying stock exceeded the exercise price on the date of grant.

If you find that the government has failed to prove beyond a reasonable doubt that there existed this single, overarching conspiracy, then you must find the defendants not guilty of the conspiracy charge.[33]

---

[33] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 19-5; *United States v. Tramunti*; 513 F.2d 1087, 1107-08 (2d Cir. 1975); *United States v. Aracri*, 968 F.2d 1512, 1520-21 (2d Cir. 1992); *United States v. Berger*; 224 F.3d 107, 113-14 (2d Cir. 2000).

**REQUEST NO. 34:**

**COUNT TWO:  Securities Fraud – The Elements of the Offense**

Count Two of the Indictment charges that each defendant committed securities fraud in violation of Sections 78j(b) and 78ff of Title 15 of the United States Code provides and Section 240.10b-5 of Title 17 of the Code of Federal Regulations.

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

First, that in connection with the purchase or sale of Vitesse stock each defendant did any one or more of the following:

> (a) employed a device, scheme or artifice to defraud, or

> (b) made an untrue statement of a material fact or omitted to state a material fact, which made what was said, under the circumstances, misleading, or

> (c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that each defendant acted willfully, knowingly and with the intent to defraud; and

> Third, that each defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or used the mails in furtherance of the fraudulent conduct.

> As with Count One, for you to return a guilty verdict on Count Two, the government must convince you beyond a reasonable doubt that any conduct on a defendant's part that otherwise satisfies the essential elements of securities fraud occurred after December 7, 2005.  Additionally, the government must prove that any act in

furtherance of securities fraud occurred within the Southern District of New York, which

includes the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange,

Dutchess and Sullivan.   I will instruct you in further detail on the statute of limitations and

venue in a moment. [34]

---

[34] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 57-20 (2011).

The instruction on venue is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-11 (2011).

The instruction on the statute of limitations is adapted from *United States v. Treacy,* No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

<u>**REQUEST NO. 35:**</u>

<u>**COUNT TWO:  Securities Fraud – First Element (Fraudulent Act)**</u>

The first element that the government must prove beyond a reasonable doubt is that in connection with the purchase or sale of Vitesse securities each defendant did either one or both of the following, as charged in the indictment:

> (a) employed a device, scheme or artifice to defraud, or

> (b) made an untrue statement of a material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading, or

> (c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.[35]

It is not necessary for the government to establish all three types of fraudulent conduct in connection with the sale or purchase of securities.  Any one will be sufficient to satisfy this element of the offense.  However, you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt. Additionally, as I have already instructed you, the indictment charges a single, overarching scheme to deceive Vitesse's auditors- and investors by (1) recognizing revenue on product shipments in a manner that was inconsistent with Vitesse's disclosures; **and** (2)-by falsely representing that Vitesse had no options granted to employees in which the market price of the underlying stock exceeded the exercise price on the date of grant.

 Also, if you find that the only type of fraudulent conduct the government has proved beyond a reasonable doubt is that the defendant you are considering knowingly,

---

[35] Rule 10b-5(b) has been removed from the charges per the Court's ruling.

willfully, and with the intent to defraud, made, or caused to made, an untrue statement of a material fact, or omitted to state a material fact that made other statements misleading, then you must be unanimous as to at least one of the statements or omissions that you find to have been materially false or misleading.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. The concealment of material facts in a matter that makes what is said or represented deliberately misleading may also constitute a false or fraudulent statement under the statute.

You need not find that a defendant actually participated in any securities transaction if a defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.

It is no defense to an overall scheme to defraud that a defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that a defendant was the actual seller or offeror of the securities. It is sufficient if a defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of stock. By the same token, the government need not prove that a defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that a defendant caused the statement to be made or the fact to be omitted. With

regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and in the case of alleged omissions, whether the omission was misleading.

If you find that the government has established beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated was material under the circumstances. In order for you to find a statement or omission material, the government must prove beyond a reasonable doubt that it was substantially likely that a reasonable investor would have considered the statement significant in deciding whether to purchase or sell shares of Vitesse stock. In other words, the government must prove beyond a reasonable doubt that the misstated or omitted fact altered the total mix of information available and was of such importance that it could reasonably be expected to cause or to induce a person to invest or not to invest. We use the word "material" to distinguish between the kinds of statements that reasonable investors care about and those that are of no real importance.

It does not matter whether the alleged conduct was successful or not, or if a defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged.[36]

---

[36] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 57-21 (2011).

The last sentence of the Sand, model, regarding whether the alleged fraudulent conduct "touched upon" a securities transaction, is omitted because it is based on outdated law. The Second Circuit concluded in *Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930 (2d Cir. 1984), that the "touching upon" language used by Justice Douglas in *Superintendent of Ins. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 12-13 (1971), was simply a variation of "in connection with," and was not intended to loosen that statutory requirement. *Chemical Bank*, 726 F.3d at 942.

Footnote continued on the next page.

---

The instruction on materiality is adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.) (definition for materiality found within securities fraud instructions).

# REQUEST NO. 36:

## COUNT TWO:  Securities Fraud – Second Element (Knowledge, Intent and Willfulness)

The second element that the government must establish beyond a reasonable doubt is that the defendant you are considering acted knowingly, willfully and with intent to defraud in participating in the scheme to defraud or in making or causing to be made untrue statements of material fact.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly with the intent to deceive or defraud.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  Direct proof of knowledge and fraudulent intent is almost never available.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  These elements of the crime charged – knowledge and intent – must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. Under the antifraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. As I will instruct you, a defendant has no burden to establish a defense of good faith; rather the burden is on the government to prove fraudulent intent and a defendant's consequent lack of good faith beyond a reasonable doubt. I will instruct you further on the defense of good faith in a moment.

As a practical matter, in order to sustain the charge against a defendant, the government must establish beyond a reasonable doubt that a defendant knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme.

With respect to false and misleading statements, a statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. For this reason, the government cannot satisfy its burden of proof with respect to a defendant's intent by merely showing that a defendant signed or certified a financial filing that contains a statement you find to be false or misleading.

A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

It is not sufficient to establish this element of the offense if some of you find that the government has proven that one entry in Vitesse's books, records, accounts or financial filings was false, while others of you find that the government has proven that a different entry in Vitesse's books, records, accounts or financial filings was false. If you do not agree unanimously that the government has proven beyond a reasonable doubt the same specific false entry with respect to Vitesse's books, records, accounts or financial filings you must return a verdict of not guilty with respect to these counts.

To conclude on this element, if you find that a defendant was not a knowing and willing participant in the scheme and lacked the intent to deceive, you must find that defendant not guilty of Count Two. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of a scheme to defraud, but also this second element, that the defendant you are considering was a knowing participant and acted willfully and with intent to defraud, then you must turn to the third element, about which I am about to instruct you.[37]

---

[37] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 57-24 (2011) and *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.), including the requirement for unanimity; *see also* Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12 (2011), defining "false" statement generally.

The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also Goplen v. 51job., Inc.*, 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

Footnote continued on the next page.

The charge requiring unanimity is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7.1 (2011). "Instruction 9-7.1 has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." *Id.*, Comment (2011) (2011)

## REQUEST NO. 37:

## COUNT TWO:  Securities Fraud – Third Element (Instrumentality of Interstate Commerce)

The third and final element that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, willfully, and with the intent to defraud, used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.

It is not necessary that a defendant be directly or personally involved in any mailing or use of instrumentalities of interstate commerce.  If a defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in a mailing or use of the instrumentalities of interstate commerce, then you may find that he caused the use of instruments of communication in interstate commerce.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

Nor is it necessary that the items sent through mail or electronic means contain the fraudulent material, or anything criminal or objectionable.  The matter mailed or transmitted may be entirely innocent.

The use of the mails or the instrumentalities of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of the mails or the instrumentalities of interstate commerce bears some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale need not be accompanied or accomplished by the use of the mails or the Internet, so long as a defendant is still engaged in actions that are a part of a fraudulent scheme.[38]

---

[38] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 57-25 (2011).

**COUNT THREE: False Books And Records – Elements Of The Offense**

Count Three of the indictment charges each defendant with knowingly and willfully, directly and indirectly, falsifying the books, records, and accounts of Vitesse, in violation of Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(5) and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-1, and Title 18, United States Code, Section 2.

In order for the defendant you are considering to be found guilt of Count Three, the government must prove each of the following elements beyond a reasonable doubt:

First, that Vitesse was required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of Vitesse's assets. A book, record, or account is a document that was created or maintained to accurately and fairly reflect, in reasonable detail, the transactions and dispositions of the assets of a company. Such records include income statements, balance sheets, general ledgers, journals, and account records. The requirement that books, records, and accounts be kept applies only to accounting matters.

Second, that the defendant you are considering made, or caused to be made, false entries in such books, records, and accounts.

Third, the false entries caused Vitesse's books, records, and accounts not to accurately and fairly reflect the transactions and dispositions of Vitesse's assets.

Fourth, that the defendant you are considering made, or caused to be made, the false entries knowingly and willfully.

As with Counts One and Two, for you to return a guilty verdict on the Count Three, the government must convince you beyond a reasonable doubt that any conduct on a

defendant's part that otherwise satisfies the essential elements of the falsifying books and records occurred after December 7, 2005. Additionally, the government must prove that any act in furtherance of falsifying books and records occurred within the Southern District of New York, which includes the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan. I will instruct you in further detail on the statute of limitations and venue in a moment.[39]

---

[39] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.).

The definition of a book, record, or account is adapted from United States v. Reyes, No. 06-cr-556 (N.D. Cal. 2010) (Breyer, C.), and the Foreign Corrupt Practices Act of 1977, which added Section 78(m) to Title 15 of the United States Code, makes clear that the section only deals with accounting.

The instruction on venue is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-11 (2011).

The instruction on the statute of limitations is adapted from  <u>United States v. Treacy,</u> <u>No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.)</u>**.**

<u>**REQUEST NO. 39:**</u>

<u>**COUNT THREE: False Books And Records – First Element (Required Books And Records)**</u>

In order for the defendant you are considering to be found guilt of Count Three, the government must prove beyond a reasonable doubt that Vitesse was required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of Vitesse's assets.  A book, record, or account is a document that was created or maintained to accurately and fairly reflect, in reasonable detail, the transactions and dispositions of the assets of a company.  The requirement that books, records, and accounts be kept applies only to accounting matters.

I have already instructed you that corporations that have publicly-traded securities are required to file documents and reports as prescribed by the SEC.  That also means that public companies are required to make and keep books, records and accounts, which in reasonable detail, accurately and fairly reflect their financial transactions.  Thus, if you find that Vitesse had publicly-traded securities, it was required to keep books and records of their financial transactions.[40]

---

[40] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.).

The definition of a book, record, or account is adapted from United States v. Reyes, No. 06-cr-556 (N.D. Cal. 2010) (Breyer, C.), and the Foreign Corrupt Practices Act of 1977, which added Section 78(m) to Title 15 of the United States Code, makes clear that the section only deals with accounting.

**COUNT THREE: False Books And Records – Second Element (False Entries)**

Second, the government must prove beyond a reasonable doubt that the defendant you are considering made, or caused to be made, false entries in such books, records, and accounts.

To satisfy this element, the law does not require that a defendant personally make the false entries in the books, records or accounts. It is enough if he causes or directs others to make such false entries. You are also advised that it is permissible for a corporation to make journal entry adjustments in its books and records for earlier financial periods or after the close of a financial quarter as long as those adjustments are not made pursuant to a scheme deliberately designed to distort the financial conditions or operations of the company.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.

A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstance under which they were made, not misleading.

It is not sufficient to establish this element of the offense if some of you find that the government has proven one entry in Vitesse's books, records or accounts was false, while others of you find that the government has proven that a different entry in Vitesse's books, records or accounts was false. If you do not agree unanimously that the government has proven beyond a reasonable doubt the same specific false entry with respect to

Vitesse's books, records or accounts, you must return a verdict of not guilty with respect to these counts.[41]

---

[41] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.), including the requirement for unanimity; *see also* 2 Sand Instr. 36-12, defining "false" statement generally. The charge requiring unanimity is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7.1 (2011). "Instruction 9-7.1 has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." *Id.*, Comment (2011) (2011).

**REQUEST NO. 41:**

**COUNT THREE: False Books And Records – Third Element (False Entries In Type Of Books Required To Be Kept)**

Third, the government must prove beyond a reasonable doubt that the false entries caused Vitesse's books, records, and accounts not to accurately and fairly reflect the transactions and dispositions of Vitesse's assets.[42]

---

[42] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-13; *see also United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.); *United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

## COUNT THREE: False Books And Records – Fourth Element (Knowingly And Willfully)

Fourth, the government must prove beyond a reasonable doubt that the defendant you are considering made, or caused to be made, the false entries knowingly and willfully.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

As I instructed you before, a statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. For this reason, the government cannot satisfy its burden of proof with respect to this element by merely showing that a defendant signed or certified a financial filing that contains a statement you find to be false or misleading.

Also, as I instructed you with respect to Counts One and Two, the good faith of a defendant is again a complete defense to the charges contained in Count Three. A defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I will instruct you in greater detail about good faith at a later point.[43]

---

[43] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-13. The instruction on good faith is adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 8-1 (2011); *see also United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.); <u>*United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).</u>

Footnote continued on the next page.

The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

<u>**REQUEST NO. 43:**</u>

<u>**COUNTS FOUR AND FIVE: False Statements To The SEC – Elements**</u>

Count Four of the indictment charges each defendant with knowingly and willfully making or causing to be made false statements in Vitesse's Form 10-K for the fiscal year ending September 30, 2005, and Count Five of the indictment charges each defendant with knowingly and willfully making or causing to be made false statements in Vitesse's Form 10-Q for the fiscal quarter ending December 31, 2005 in violation of Title 15 of the United States Code, Sections 78m(a) and 78ff; Title 17 of the Code of Federal Regulations, Section 240.13b2-1; and Title 18 of the United States Code, Section 2.

In order to meet its burden of proof on Counts Four and Five, the government must prove, as to each count, the following four essential elements beyond a reasonable doubt:

First, that the Securities Exchange Act of 1934 required Vitesse to file with the SEC the particular document charged in the count you are considering;

Second, that the report contained a false or misleading statement of fact;

Third, that the false or misleading statement of fact was material;

Fourth, that the defendant you are considering made or caused to be made that false or misleading statement of material fact; and

Fifth, that the defendant you are considering acted knowingly and willfully.

As with Counts One through Three, for you to return a guilty verdict on Counts Four and Five, the government must convince you beyond a reasonable doubt that any conduct on a defendant's part that otherwise satisfies the essential elements of making false statements to the SEC with respect to the document charged in the count you are considering occurred after December 7, 2005. Additionally, the government must prove that any act in furtherance of the making false statements to the SEC occurred within the

Southern District of New York., which includes the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan. I will instruct you in further detail on the statute of limitations and venue in a moment. [44]

---

[44] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-9 (2009); *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.).

The instruction on venue is adapted from 1 Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-11 (2011).

The instruction on the statute of limitations is adapted from <u>*United States v. Treacy*</u>, <u>No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).</u>

## REQUEST NO. 44:

## COUNTS FOUR AND FIVE: False Statements To The SEC – First Element (Required Filings)

The first element that the government must prove beyond a reasonable doubt is that Vitesse was required by the Securities Exchange Act of 1934 to file the document charged in the count you are considering. I instruct you that corporations that have publicly-traded securities are required to file documents and reports as prescribed by the SEC. These include annual reports on Form 10-K and quarterly reports on Form 10-Q. Thus, if you find that Vitesse had publicly-traded securities, it was required to file these reports.[45]

---

[45] 15 U.S.C. §§ 78m(a) and 78o(d); 17 C.F.R. §§ 240.13a-1, 13a-13 and 15d-1 and d-13.

## REQUEST NO. 45:

## COUNTS FOUR AND FIVE: False Statements To The SEC – Second Element (False Statement)

The second element that the government must prove beyond a reasonable doubt is that Vitesse's SEC report pertaining to the count you are considering contained a false or misleading statement of fact or omitted a material fact, which resulted in a misleading statement.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.

A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstance under which they were made, not misleading.

The government is not required to prove that all of the allegedly false statements were indeed false. However, the government must prove beyond a reasonable doubt that at least one of the specific statements was false, and you must agree unanimously that the same statement was false. It is not sufficient to establish this element of the offense if some of you find that the government has proven one false statement in one Vitesse filing, while others of you find that the government has proven a different false statement in that filing, or a false statement in a different filing. If you do not agree unanimously that the government has proven beyond a reasonable doubt the same specific false statement in the

same Vitesse filing with respect to at least one of the alleged false statements, you must

return a verdict of not guilty with respect to these counts.[46]

[46] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.), including the requirement for unanimity; *see also* Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12, defining "false" statement generally.

The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

## REQUEST NO. 46:

## COUNTS FOUR AND FIVE: False Statements To The SEC – Third Element (Materiality)

The third element that the government must prove beyond a reasonable doubt is that the alleged false or misleading statement of fact in Vitesse's SEC report pertaining to the count you are considering was "material."

If you decide that a particular statement was false or misleading when it was made, then you must determine if the fact stated was a material fact under the evidence in this case. It is not enough to find that a particular statement or omission was inaccurate, misleading or even a "lie" because not all lies are "material" under the securities laws.

In order for you to find a statement or omission material, the government must prove beyond a reasonable doubt that it was substantially likely that a reasonable investor would have considered the statement significant in deciding whether to purchase or sell shares of Vitesse stock. In other words, the government must prove beyond a reasonable doubt that the misstated or omitted fact altered the total mix of information available and was of such importance that it could reasonably be expected to cause or to induce a person to invest or not to invest. We use the word "material" to distinguish between the kinds of statements that reasonable investors care about and those that are of no real importance.[47]

---

[47] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.) (definition for materiality found within securities fraud instructions).

## REQUEST NO. 47:

## COUNTS FOUR AND FIVE: False Statements To The SEC – Fourth Element (Defendant Made The Statement Or Cause It To Be Made)

The fourth element that the government must prove beyond a reasonable doubt as to each of Counts Four and Five is that the defendant you are considering made or caused to be made the alleged false or misleading statement of material fact in the SEC report that you are considering. In this regard, the Government need not prove that a defendant physically made or otherwise personally prepared the statement in question. It is sufficient to establish this element of the offense if the government proves beyond a reasonable doubt that a defendant caused that false or misleading statement of materially fact in the SEC report that you are considering to be made by others.

If the government proves beyond a reasonable doubt that the SEC report that you are considering contained a materially false or misleading statement, but the government fails to prove beyond a reasonable doubt that the defendant you are considering personally made that statement or caused that statement to be made in the SEC report, you must find that defendant not guilty on that count.[48]

---

[48] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.) and Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-10.

**COUNTS FOUR AND FIVE: False Statements To The SEC – Fifth Element (Knowingly And Willfully)**

The fifth element that the government must prove beyond a reasonable doubt is that the defendant you are considering acted knowingly and willfully.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

As I instructed you before, a statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. For this reason, the government cannot satisfy its burden of proof with respect to this element by merely showing that a defendant signed or certified a financial filing that contains a statement you find to be false or misleading.

Also, as I instructed you with respect to Counts One through Three, the good faith of a defendant is again a complete defense to the charges contained in Counts Three though Five. A defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I will instruct you in greater detail about good faith at a later point.[49]

---

[49] Sand, *et al.*, Modern Federal Jury Instructions, 36-13 (2011). The instruction on good faith is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 8-1 (2011); *see also United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.); *United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

Footnote continued on the next page.

Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12, defining "false" statement generally.  The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted);  *see also Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

<u>**REQUEST NO. 49:**</u>

<u>**COUNT SIX: False Certification – Elements Of The Offense**</u>

Count Six charges defendant Louis Tomasetta with making false certifications in Vitesse's Form 10-K for the fiscal year ending September 30, 2005 and accompanying financial statements in violation of Title 18 of the United States Code, Sections 1350 and 2. In order for you to find defendant Tomasetta guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that defendant Tomasetta certified that the Form 10-K for Vitesse for the fiscal year ending September 30, 2005 and the accompanying financial statements fully complied with the requirements of Section 13(a) and 15(d) of the Securities Exchange Act of 1934.

Second, that this certification was false.

Third, that defendant Tomasetta knew at the time that the certification was false.

Fourth, that defendant Tomasetta willfully made the false certification.

Fifth, that the certification made was materially false.

As with Counts One through Five, for you to return a guilty verdict on Count Six, the government must convince you beyond a reasonable doubt that any conduct on a defendant's part that otherwise satisfies the essential elements of making a false certification occurred after December 7, 2005. Additionally, the government must prove that any act in furtherance of making a false certification occurred within the Southern District of New York, which includes the counties of New York, Bronx, Westchester,

Rockland, Putnam, Orange, Dutchess and Sullivan.   I will instruct you in further detail on

the statute of limitations and venue in a moment. [50]

---

[50] 18 U.S.C. §§ 1350(b)-(c).

The instruction on venue is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-11 (2011).

The instruction on the statute of limitations is adapted from <u>*United States v. Treacy*</u>, <u>No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).</u>

**REQUEST NO. 50:**

**COUNT SIX: False Certification – First Element (Certification)**

The first element that the government must prove beyond a reasonable doubt is that defendant Tomasetta certified that the Form 10-K for Vitesse for the fiscal year ending September 30, 2005 and the accompanying financial statements fully complied with the requirements of Section 13(a) and 15(d) of the Securities Exchange Act of 1934. [51]

---

[51] 18 U.S.C. §§ 1350(b)-(c).

**COUNT SIX: False Certification – Second Element (Falsity)**

The second element that the government must prove beyond a reasonable doubt is that the certification in the Form 10-K for Vitesse for the fiscal year ending September 30, 2005 was false.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.[52]

---

[52] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12, defining "false" statement generally.

The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

## COUNT SIX: False Certification – Third Element (Knowledge)

The third element that the government must prove beyond a reasonable doubt is that defendant Tomasetta acted knowingly.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

As I instructed you before, a statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. For this reason, the government cannot satisfy its burden of proof with respect to this element by merely showing that a defendant signed or certified a financial filing that contains a statement you find to be false or misleading.

Also, as I instructed you with respect to Counts One through Five, the good faith of a defendant is again a complete defense to the charges contained in Count Six. A defendant does not have the burden of establishing good faith. The burden is on the government to prove lack of good faith beyond a reasonable doubt. I will instruct you in greater detail about good faith at a later point.[53]

---

[53] Sand, *et al.*, Modern Federal Jury Instructions, Instr., 36-13. The instruction on good faith is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr., Instr. 8-1 (2011).

Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12, defining "false" statement generally. The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter Footnote continued on the next page.

without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

<u>**REQUEST NO. 53:**</u>

<u>**COUNT SIX: False Certification – Fourth Element (Willfulness)**</u>

The fourth element that the government must prove beyond a reasonable doubt is that defendant Tomasetta acted willfully.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

Again, the good faith of a defendant is again a complete defense to the charges contained in Count Six, and the burden is on the government to prove lack of good faith beyond a reasonable doubt.[54]

---

[54] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-13. The instruction on good faith is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 8-1 (2011).

<u>**REQUEST NO. 54:**</u>

<u>**COUNT SIX: False Certification – Fifth Element (Materiality)**</u>

The fifth element that the government must prove beyond a reasonable doubt is that the alleged false certification was "material."

If you decide that a particular statement was false or misleading when it was made, then you must determine if the fact stated was a material fact under the evidence in this case. It is not enough to find that a particular statement or omission was inaccurate, misleading or even a "lie" because not all lies are "material" under the securities laws.

In order for you to find a statement or omission material, the government must prove beyond a reasonable doubt that it was substantially likely that a reasonable investor would have considered the statement significant in deciding whether to purchase or sell shares of Vitesse stock. In other words, the government must prove beyond a reasonable doubt that the misstated or omitted fact altered the total mix of information available and was of such importance that it could reasonably be expected to cause or to induct a person to invest or not to invest. We use the word "material" to distinguish between the kinds of statements that reasonable investors care about and those that are of no real importance.

Materiality cannot be judged by hindsight. You may not consider events occurring after the making of the certification in determining whether the allegedly false certification was material when it was made. [55]

_____

[55] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.) (definition for materiality found within securities fraud instructions); *see also Gannino v. Citizens Utils., Co.*, 228 F.3d 154, 165 (2d Cir. 2000) ("Materiality is determined in light of the circumstances existing at the time the alleged misstatement occurred.")

# REQUEST NO. 55:

## COUNT SEVEN: False Statements To Auditors – Elements Of The Offense

Count Seven charges defendant Louis Tomasetta with making false and misleading statements to Vitesse's auditors or omitting material facts that caused statements to Vitesse's auditors to be misleading in violation of Section 78ff of Title 15 of the United States Code, Section 240.13b2-2 of Title 17 of the Code of Federal Regulations and Section 2 of Title 18 of the United States Code. Specifically, Count Seven relates to an audit representation letter provided to Vitesse's auditors in connection with their audit of Vitesse's financial statements for the fiscal year ending September 30, 2005. In order for you to find defendant Tomasetta guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that defendant Tomasetta made a false statement or omission to an auditor.

Second, that the false statement or omission was material.

Third, that the false statement or omission was made in connection with the auditor's audits, reviews or examinations of Vitesse's financial statements.

Fourth, that the defendant Tomasetta made the false statement knowingly and willfully.

As with Counts One through Six, for you to return a guilty verdict on Count Seven, the government must convince you beyond a reasonable doubt that any conduct on a defendant's part that otherwise satisfies the essential elements of making a false statement to an auditor occurred after December 7, 2005. Additionally, the government must prove that any act in furtherance of making a false statement to an auditor occurred within the Southern District of New York, which includes the counties of New York, Bronx,

Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan.   I will instruct you in further detail on the statute of limitations and venue in a moment. [56]

---

[56] 15 U.S.C. 78ff.

The instruction on venue is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-11 (2011).

Although precedent holds that venue need be established only by a preponderance, *see United States v. Svoboda*, 347 F.3d 471, 485 (2d Cir. 2003), Judge Sand's recommended model jury instruction "goes beyond the acknowledged standards, requiring proof beyond a reasonable doubt.  This approach is adopted in order to avoid confusion by interjecting a lower standard of preponderance of the evidence."  *Id.*, Comment, at 3-24 (2011).

The instruction on the statute of limitations is adapted from <u>*United States v. Treacy*</u>, <u>No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.)</u>.

<u>**REQUEST NO. 56:**</u>

<u>**COUNT SEVEN: False Statements To Auditors – First Element (False Statement)**</u>

The first element that the government must prove beyond a reasonable doubt is that defendant Tomasetta made a false statement or an omission to an auditor.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.

A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstance under which they were made, not misleading.

It is not sufficient to establish this element of the offense if some of you find that the government has proven one false statement or omission to Vitesse's auditors in connection with the audit representation letter relating to Vitesse's fiscal year ending September 30, 2005, while others of you find that the government has proven a different false statement or omission relating to that letter. If you do not agree unanimously that the government has proven beyond a reasonable doubt the same specific false statement or omission to Vitesse's auditors in connection with the audit representation letter relating to Vitesse's fiscal year ending September 30,-2005, you must return a verdict of not guilty with respect to this count.[57]

---

[57] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12, defining "false" and "misleading" statements generally. The charge requiring unanimity is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7.1 (2011). "Instruction 9-7.1 has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." *Id.*, Comment (2011) (2011)

The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley Footnote continued on the next page.

certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

**REQUEST NO. 57:**

**COUNT SEVEN: False Statements to Auditors – Second Element (Materiality)**

The third element that the government must prove beyond a reasonable doubt is that the alleged false statement to auditors was "material."

If you decide that a particular statement was false or misleading when it was made, then you must determine if the fact stated was a material fact under the evidence in this case. It is not enough to find that a particular statement or omission was inaccurate, misleading or even a "lie" because not all lies are "material" under the securities laws.

In order for you to find a statement or omission material, the government must prove beyond a reasonable doubt that it was substantially likely that a reasonable investor would have considered the statement significant in deciding whether to purchase or sell shares of Vitesse stock. In other words, the government must prove beyond a reasonable doubt that the misstated or omitted fact altered the total mix of information available and was of such importance that it could reasonably be expected to cause or to induce a person to invest or not to invest. We use the word "material" to distinguish between the kinds of statements that reasonable investors care about and those that are of no real importance.

Materiality cannot be judged by hindsight. You may not consider events occurring after the making of the certification in determining whether the allegedly false certification was material when it was made. [58]

---

[58] Adapted from *United States v. Ebbers*, No. 02-cr-144 (S.D.N.Y. 2005) (Jones, B.) (definition for materiality found within securities fraud instructions); *see also Gannino v. Citizens Utils., Co.*, 228 F.3d 154, 165 (2d Cir. 2000) ("Materiality is determined in light of the circumstances existing at the time the alleged misstatement occurred.")

## REQUEST NO. 58:

## COUNT SEVEN: False Statements To Auditors – Third Element (In Connection With An Audit)

The third element that the government must prove beyond a reasonable doubt is that defendant Tomasetta made the false statement to an auditor in connection with the audits, reviews, or examinations of Vitesse's financial statements.[59]

---

[59] 15 U.S.C. 78ff.

<u>**REQUEST NO. 59:**</u>

<u>**COUNT SEVEN: False Statement To Auditors – Fourth Element (Knowingly And Willfully)**</u>

The fourth element that the government must prove beyond a reasonable doubt is that defendant Tomasetta acted knowingly and willfully.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

As I instructed you before, a statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. For this reason, the government cannot satisfy its burden of proof with respect to this element by merely showing that a defendant signed or certified a financial filing that contains a statement you find to be false or misleading.

Again, the good faith of a defendant is a complete defense to the charges contained in Count Seven, and the burden is on the government to prove lack of good faith beyond a reasonable doubt.[60]

---

[60] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-13. The instruction on good faith is adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 8-1 (2011).

Sand, *et al.*, Modern Federal Jury Instructions, Instr. 36-12, defining "false" statement generally. The charge that the government does not meet its burden in proving scienter by merely proving that a defendant signed a document is supported by *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 304-05 (S.D.N.Y. 2008) ("a Sarbanes-Oxley certification is probative of scienter only if the complaint alleges specific contrary information, such as 'glaring accounting irregularities or other red flags' of which the certifying defendant had 'reason to know.'" (internal citations omitted); *see also* Footnote continued on the next page.

*Goplen v. 51job., Inc.,* 453 F. Supp. 2d 759, 775 (S.D.N.Y. 2006) (holding that a CEO's signature on a filing with the SEC does not give rise to a strong inference of scienter without specific allegations of reasonably available facts that should have put him on notice that the reported financial results were false.)

## REQUEST NO. 60:

### Statute of Limitations

The statute of limitations requires that the government also prove beyond a reasonable doubt that, with respect to each count, any conduct on a defendant's part that otherwise satisfies the essential elements of that count occurred after December 7, 2005.[61]

---

[61] Adapted from *United States v. Treacy*, No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

## REQUEST NO. 61:

## Venue

In addition to the foregoing elements of the offenses I have just described, for each count in the indictment, you must determine whether any act in furtherance of the crime charged in that count occurred within the Southern District of New York, which includes the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan.[62]

---

[62] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 3-11 (2011).

Although precedent holds that venue need be established only by a preponderance, *see United States v. Svoboda*, 347 F.3d 471, 485 (2d Cir. 2003), Judge Sand's recommended model jury instruction "goes beyond the acknowledged standards, requiring proof beyond a reasonable doubt. This approach is adopted in order to avoid confusion by interjecting a lower standard of preponderance of the evidence." *Id.*, Comment, at 3-24 (2011).

<u>**REQUEST NO. 62:**</u>

<u>**Retroactive Dating Or Pricing Is Not Illegal**</u>

Retroactively dating or pricing stock option grants is not, in and of itself, a violation of the securities laws. The mere fact that options may have been retroactively dated or priced does not mean that any laws were violated. However, evidence of any such practices may be considered by you, along with other evidence, in connection with the crimes charged. In other words, you may consider evidence of retroactive dating, or "backdating," in light of the specific elements that must be proved in connection with each of the counts charged.[63]

---

[63] Adapted from *United States v. Reyes*, No. 06-cr-556 (N.D. Cal. 2010) (Breyer, C.).

It is well established that "backdating" alone (i.e., selecting dates which are favorable to the grantee in retrospect) is not illegal. *See In re Comverse Technology, Inc. Securities Litigation*, 543 F. Supp. 2d 134, 138 (E.D.N.Y. 2008); *United States v. Shanahan*, No. 4:07 CR 175JCH (DDN), 2008 WL 2225731, at * 5 (E.D. Mo. May 28, 2008)..

## REQUEST NO. 63:

### Granting "In-The-Money" Stock Options Is Not Illegal

A stock option is granted "in-the-money" when it is granted at a price lower than the fair market value of the stock on the date of grant.  Granting "in-the-money" stock options is not illegal.[64]

---

[64] *In re Computer Sciences Corp. Deriv. Litig.*, Lead No. 06 Civ. 5288, 2007 WL 1321715, at *2 (C.D. Cal. Mar. 26, 2007) (recognizing that "the practice [of granting 'in-the-money' options] is not improper, in and of itself"); *Adams v. Amdahl*, No. 06 CR. 873, 2006 WL 2620400 (W.D. Wash. Sept. 12, 2006) ("Companies are allowed to compensate their executives by providing them with options to purchase stock at prices lower than market value.  These are called 'in-the-money' options.").

## REQUEST NO. 64:

## Drafting Non-Contemporaneous Minutes for Meetings is Not Illegal

It is not a crime to draft minutes that describe a meeting that occurred months, or even years, in the past.

## REQUEST NO. 65:

## Good Faith

With respect to all the charges against him, each defendant asserts, among other defenses, that he acted in good faith, that is, that his intentions were innocent even if the results were harmful. Good faith is a complete and absolute defense to the charges in this case because if a defendant carried out his actions in good faith, there was no criminal intent.

The government charges that each defendant made or conspired to make false statements. A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

Similarly, the government charges that each defendant committed, or conspired to commit fraud. Under the antifraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. If a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. Likewise, if a defendant reasonably relied on the opinion, advice or actions of others such that he believed his actions were improper, even if he was mistaken in that belief, there would be no criminal.

Vitesse is a Delaware corporation. Directors of a Delaware corporation, such as defendant Louis Tomasetta, may rely in good faith upon the opinions, reports or statements presented to them by any of the corporation's officers or employees, or committees of the

board of directors, or by any other person as to matters that director may have reasonably believed were within the other person's professional or expert competence.

In addition, you have heard evidence that outside lawyers retained by Vitesse and outside accountants retained by Vitesse may have prepared or reviewed certain documents or may have been otherwise involved in certain transactions. Each defendant contends that such evidence supports his contention that he acted in good faith.

Whether a defendant acted in good faith, whether he or others relied on other employees, made full and complete reports to Vitesse's outside lawyers and outside accountants, and whether the involvement of these lawyers and accountants demonstrates good faith are questions for you to determine.

While each defendant asserts a good faith defense to all the charges, keep in mind the defendant has no burden to establish his good faith, since he is presumed innocent. Rather, as to each charge, the burden is always on the government to prove guilty knowledge, criminal intent and a lack of good faith on the part of a defendant beyond a reasonable doubt. [65]

---

[65] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 8-1, 8-4, and 59-9 (2011); *see also United States v. Treacy,* No. 1:08-cr-366 (S.D.N.Y. 2009) (Rakoff, J.).

The instruction regarding a director's reliance on employees is supported by 8 Del. C. Sec. 141(e) ("A member of the board of directors, or a member of any committee designated by the board of directors, shall, in the performance of such member's duties, be fully protected in relying in good faith upon the records of the corporation and upon such information, opinions, reports or statements presented to the corporation by any of the corporation's officers or employees, or committees of the board of directors, or by any other person as to matters the member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the corporation.")

**C.**      <u>**THEORIES OF THE DEFENSE**</u>

<u>**REQUEST NO. 66:**</u>

<u>**Theories Of The Defense**</u>

**[To be submitted by each defendant at the conclusion of the trial.]**

### D.    INSTRUCTIONS FOR DELIBERATIONS

### REQUEST NO. 67:

### Witness Credibility – General Instruction

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You, as jurors, are the sole judges of the credibility of each witness and of what weight, if any, his or her testimony deserves.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or a defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stands up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience. If your common sense, good judgment, and experience lead you to find that a witness deliberately lied regarding a matter of importance in the trial, you may, if you wish, totally disregard that witness' entire testimony.[66]

---

[66] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-1 (2011); *see also United States v. Coonan*, 87 Cr. 249 (S.D.N.Y. 1988) (Knapp, J.).

## REQUEST NO. 68:

### Defendant's Reputation and Opinion of Defendant's Character (If Applicable)

One or both defendants called witnesses who have testified to that defendant's good reputation in the community. Some of those witnesses have also given their opinion of that defendant's good character. This testimony is not to be taken by you as the witnesses' opinion as to whether that defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether a defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation or good character would commit the offense charged. Accordingly, if after considering all the evidence, including testimony about a defendant's good reputation and character, you find a reasonable doubt has been created, you must find the defendant not guilty of all charges.

On the other hand, if after considering all the evidence, including that of a defendant's reputation and character, you are satisfied beyond a reasonable doubt that a defendant is guilty, you should not find a defendant not guilty merely because you believe him to be a person of good reputation or good character.[67]

---

[67] Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instrs. 5-14, 5-15 (2007).

## REQUEST NO. 69:

## Witness Credibility – Bias and Hostility (If Applicable)

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards a defendant.

Evidence that a witness is biased, prejudiced, or hostile toward a defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.[68]

---

[68] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-2 (2011).

## REQUEST NO. 70:

## Witness Credibility – Impeachment By Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on a defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.[69]

---

[69] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-19 (2011).

<u>**REQUEST NO. 71:**</u>

<u>**Accomplice Testimony – Witnesses Called By The Government**</u>

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.[70]

---

[70] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-5 (2011).

The Supreme Court has long recognized that "serious questions of credibility" are raised by the testimony of alleged co-conspirators and witnesses granted immunity by the government. *Banks v. Dretke*, 540 U.S. 668, 701 (2004); *On Lee v. United States*, 343 U.S. 747, 757 (1952). Because the government alone "decides whether and when to use such witnesses, and what, if anything, to give them for their service[,]" such witnesses, "must be managed and carefully watched by . . . the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom." *United States v. Bernal-Obeso*, 989 F.2d 331, 333-34 (9th Cir. 1993); *accord Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).

Accordingly, the Supreme Court counsels the "submission of the credibility issue to the jury 'with careful instructions.'" Banks, 540 U.S. at 701. The Supreme Court has specifically approved pattern jury instructions in several circuits that reflect the "special caution appropriate in assessing" testimony from witnesses benefiting from the Government's leniency. *Id.* at 702; *see also United States v. Urlacher*, 979 F.2d 935, 938-39 (2d Cir. 1992) (noting with approval an instruction that an unindicted co-conspirator might fabricate testimony to receive favorable treatment, might be Footnote continued on the next page.

motivated to lie to serve his own interest, and that his testimony therefore should be carefully scrutinized).

## REQUEST NO. 72:

### Testimony Concerning Alleged Co-Conspirators' Beliefs, Understanding, State of Mind or Intent

You have heard certain testimony from alleged co-conspirators concerning those witnesses' beliefs, understanding, state of mind or intent. Such testimony may be considered only with respect to the question of whether a conspiracy existed among two or more people to commit the objectives I described earlier. You may not consider this testimony at all with respect to the question of whether the defendant you are considering was a knowing and willful participant in the alleged conspiracy, or whether the defendant you are considering knowingly and willfully engaged in any wrongdoing.[71]

---

[71] *United States v. Forbes*, No. 3:02 CR 264, at 67 (D. Conn. 2007).

## REQUEST NO. 73:

### Government Witnesses – Not Proper To Consider Guilty Plea

Nicole Kaplan and Yatin Mody pled guilty to charges arising out of the same events placed at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt or innocence of either defendant from these witnesses' guilty pleas. Indeed, these witnesses' guilty pleas may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.[72]

---

[72] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-11 (2011); *See also United States v. Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

## REQUEST NO. 74:

### Improper Consideration of Defendant's Right Not to Testify (If Defendant Does Not Testify)

The defendants **[or a defendant]** chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden at all times to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent; rather, a defendant is presumed to be innocent.

Therefore, you must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.[73]

---

[73] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 5-21 (2011).

## REQUEST NO. 75:

### Testimony of Defendant (If Defendant Testifies)

In a criminal case a defendant cannot be required to testify, but he is, of course, permitted to take the witness stand on his behalf. In this case, the defendant **[or a defendant]** did testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.[74]

---

[74] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 7-4 (2011).

## REQUEST NO. 76:

### Stipulations (If Applicable)

In this case you have heard evidence in the form of stipulations.

A stipulation is an agreement among the parties that a certain fact is true or that if called, a witness would have given certain testimony. You should regard such facts as true or accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that fact or testimony.[75]

---

[75] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 5-6 and 5-7 (2011).

**E.**      **PROCEDURES YOU MUST FOLLOW**

**REQUEST NO. 77:**

**Selection of a Foreperson**

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations.[76]

---

[76] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-5 (2011).

## REQUEST NO. 78:

### Duty to Consult and Need for Unanimity

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in this case and determine whether or not each defendant has been proven guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violating your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.[77]

## REQUEST NO. 79:

## Unanimity of Theory

Your verdict must also be unanimous in another sense. Each offense charged in the indictment may contain multiple, alternative theories of guilt. For each count, in order to convict, you must be unanimous as to which theory of guilt applies.

As I have already instructed you, with respect to Counts One and Two, the indictment charges a single, overarching scheme to deceive Vitesse's auditors and investors by (1) recognizing revenue on product shipments in a manner that was inconsistent with Vitesse's disclosures; **and** (2) by falsely representing that Vitesse had no options granted to employees in which the market price of the underlying stock exceeded the exercise price on the date of grant.

If you find that the government has failed to prove beyond a reasonable doubt that there existed this single, overarching scheme, then you must find the defendants not guilty of the conspiracy charge.[78]

---

[77] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7 (2011). The last sentence of the Sand, instruction ("Your verdict, whether guilty or not guilty, must be unanimous") has been omitted because it suggests the jury must reach a unanimous verdict, even despite a good faith impasse.

[78] Adapted from Modern Federal Jury Instructions - Criminal, Instruction 19-5; *United States v. Tramunti*; 513 F.2d 1087, 1107-08 (2d Cir. 1975); *United States v. Aracri*, 968 F.2d 1512, 1520-21 (2d Cir. 1992); *United States v. Berger*; 224 F.3d 107, 113-14 (2d Cir. 2000).

Beyond the indictment's single, overarching scheme, each offense charged in the indictment also contains multiple, alternative theories of guilt. In order to convict, you must be unanimous as to which theory of guilt applies.

For instance, Count One of the indictment charges that each defendant joined and participated in a conspiracy to commit several offenses: to commit fraud in connection with the sale or purchase of securities; to make misrepresentations and omissions of material fact in reports and documents to be filed by Vitesse as required by the SEC; to make misrepresentations and omissions of material fact to auditors; and to willfully falsify and cause to be falsified the books, records, and accounts of Vitesse. To find guilt on Count One, you must be unanimous as to which of these alleged unlawful goals of the conspiracy the defendant you are considering agreed.

Count One further charges that, to achieve the goals of the charged conspiracy, one of its members committed one or more of several overt acts as specified in the indictment. To find guilt on Count One, you must be unanimous as to at least one of these particular alleged acts that was committed by a member of the alleged conspiracy, during the conspiracy, and in furtherance of the conspiracy within the statute of limitations.

Similarly, Count Two charges that each defendant knowingly and willfully employed devices, schemes and artifices to defraud, made untrue statements of material fact and omitted to state material facts and engaged in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of Vitesse securities, and that for each count, the defendant you are considering did so with respect to a particular document filed with the SEC. To find guilt on Count Two, you must be unanimous as to which type of fraud, if any, the defendant you are considering

engaged in, and you also must unanimously conclude that such fraudulent conduct occurred in connection with the particular document alleged to have been filed for the count.

For each of these counts, in order to convict the defendant you are considering on that count, all twelve of you must agree on the specific offense committed and the specific theory by which he committed it. For each count, if all twelve of you do not agree, you may not convict that defendant on that count.[79]

---

[79] Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-7.1 (2011). "Instruction 9-7.1 has been drafted for conspiracy counts, but may be adapted when other crimes are charged requiring this augmented unanimity charge." *Id.*, Comment (2011) (2011)

**REQUEST NO. 80:**

**Exhibits And Testimony; Communications With Court**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of either defendant's guilt until after a unanimous verdict is reached.[80]

---

[80] Sand, *et al.*, Modern Federal Jury Instructions, Instr. 9-3 (2011).

Respectfully submitted,

Dated: Los Angeles, CA
       January 15, 2012

MORRISON & FOERSTER LLP

Dan Marmalefsky
555 West Fifth Street
Los Angeles, California  90013-1024
213.892.5200

Lawrence Gerschwer
Katie L. Viggiani
1290 Avenue of the Americas
New York, New York 10104-0050
212.468.8000

By:    */s/ Dan Marmalefsky*
       Dan Marmalefsky
       *Attorneys for Defendant*
       *Louis Tomasetta*

Dated: Los Angeles, CA
       January 15, 2012

BIRD, MARELLA, BOXER, WOLPERT,
   NESSIM, DROOKS & LINCENBERG, P.C.

Gary S. Lincenberg
Peter J. Shakow
1875 Century Park East, 23rd Floor
Los Angeles, California  90067
310-201-2100

CLAYMAN & ROSENBERG
Charles Clayman
305 Madison Avenue
New York, New York  10165
212-922-1080

By:    */s/ Peter Shakow*
       Peter Shakow
       *Attorneys for Defendant*
       *Eugene Hovanec*