```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 11, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,                          1: (S1) 10 Cr. 1205 (PAC)

  - against -                              ORDER

LOUIS TOMASETTA AND
EUGENE HOVANEC,

        Defendants.
------------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

The Defendants have been tried twice on charges that they conspired to commit securities fraud and to make false statements in SEC filings concerning stock options grants and revenue recognition practices of Vitesse, whose shares are publicly traded.

The first trial lasted a month from March 21, 2012 to April 24, 2012, when the Court declared a mistrial due to the jury's inability to reach a unanimous verdict. At the close of the Government's case, the Defendants moved for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29. The Court reserved its ruling. The Defendants renewed their Rule 29 motion on May 8, 2012 and on June 6, 2012, the Court denied the motion as to Count 1, the conspiracy count, but granted the motion with respect to Count 2 for failure to establish venue in the Southern District of New York. The Government conceded that it failed to prove venue with respect to Counts 3-7, and the Court granted the Defendants' Rule 29 motion as to these counts. (Docket No. 171, 2012 U.S. Dist. LEXIS 79419, 2012 WL 2064978).

Thereafter, on December 6, 2012, the Government filed a superseding indictment charging a conspiracy, substantially the same as the conspiracy charged in Count 1 of the first

indictment. Both charged that the Defendants engaged in a conspiracy to hide Vitesse's true financial condition by making false statements about Vitesse's revenues and options. The case was tried before a jury commencing on January 16, 2013 and concluding on February 20, 2013.

At trial, the jury heard essentially the same testimony, from the same witnesses who testified at the 2012 trial. The jury was again unable to reach a verdict, and the Court declared another mistrial.

Defendants move, pursuant to Fed. R. Crim. Pro. 29, for a judgment of acquittal.

Rule 29 provides that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In making the motion, the Defendants bear a heavy burden. U.S. v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009). The standard of review is "exceedingly deferential." U.S. v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008). If any "reasonably minded jury could accept as adequate and sufficient the evidence and reasonable inferences therefrom to support the conclusion of the defendants' guilt beyond a reasonable doubt," the motion must be denied. U.S. v. Herrera, 584 F.2d 1137, 1144 (2d Cir. 1978).

Defendants argue, as they did after the first trial, that the Government failed to prove beyond a reasonable doubt the existence of a single, overarching conspiracy. In the Court's June 6, 2012 Order, the Court determined that "[v]iewed in the light most favorable to the Government, there is sufficient evidence for a reasonable jury to find that the conspiracy involved a single, overarching scheme" as charged in the indictment. U.S. v. Tomasetta, 2012 U.S. Dist. LEXIS 79419, at *28-29 (S.D.N.Y. June 6, 2012).

Even if two juries have not been unanimously convinced beyond a reasonable doubt of Defendants' guilt, that does not mean that "the evidence is insufficient to sustain a conviction."

Fed. R. Crim. P. Rule 29. When the evidence is viewed in a light most favorable to the Government, (and acknowledging that the witnesses, the testimony, the documents, and the stipulations were essentially the same), the Court again concludes that the evidence offered at trial is sufficient to support a conviction. Accordingly, the Rule 29 motion for acquittal is DENIED.

Dated: New York, New York
       June 11, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge